Marjorie **NOLAND,** Administratrix, etc.,
Appellant,

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 15296.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

May 23, 1968.

Rehearing Denied June 20, 1968.

Mandell & Wright, Sidney Ravkind, Houston, for appellant.

Arthur Stamm, Houston, Lorance & Stamm, Houston, of counsel, for appellee.

PEDEN, Justice.

This is an appeal from a summary judgment in favor of the insurer in a suit filed by the insured's widow to recover the proceeds of an insurance policy. Decedent was accidentally killed while operating a commercial truck. Appellee-insurer asserts that there should be no recovery because the policy excludes coverage for death sustained while operating a commercial automobile. Appellant's petition alleges that an agent of the insurer represented that coverage would be provided if the insured were to die while operating his employer's vehicle, and her affidavit states that such agent told decedent that the exclusion "commercial automobile" did not mean a truck. It is undisputed that the policy was in force.

The insurer pleads and the claimant admits that the policy contains these provisions:

"PART 3
Automobile Death Indemnity and Automobile Total Disability Insurance

Coverage C2—Automobile Death Indemnity

To pay the principal sum stated in the declarations in the event of the death of the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon, or while entering into or alighting from, or through being struck by, an automobile, provided the death shall occur (1) within ninety days after the date of the accident, or (2) within fifty-two

**654**

weeks after the date of the accident and during a period of continuous total disability of the insured for which weekly indemnity is payable under the Automobile Total Disability Coverage.

\* \* \* \* \* \*

Exclusions

This policy does not apply under Part 3:

(a) to bodily injury or death sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance or commercial automobile, or (2) in duties incident to the repair or servicing of automobiles."

The rest of the policy is not before us. In their appellate briefs the parties agree that at one point in the policy there is this definition of an automobile: "a land motor vehicle or trailer not operated on rails or crawler treads."

Appellant's points of error are: 1) there was a factual dispute about coverage provided by the policy, 2) evidence was admissible to show the parties' intent in entering into the contract, and 3) the term "commercial automobile" as used in the exclusion from insurance coverage does not mean "commercial truck".

▮▮ As stated in Alamo Casualty Co. v. Richardson, 235 S.W.2d 726 (Beaumont Tex.Civ.App.1950, writ ref., n. r. e.), our duty in determining what the disputed provision means is to be guided by the common or normal meaning of the words used in the provision, except as this may be qualified by the context and subject matter of the policy. We must, of course, read the policy as a whole and construe every part of it with reference to the whole. The opinion cites Williston on Contracts, Section 618.

▮ The entire policy is not before us, so we cannot determine whether the term "commercial automobile" as used in the

exclusion meant "commercial truck". As moving party on the motion for summary judgment, appellee has the burden of establishing that it is entitled to a judgment as a matter of law. We hold that it has not done so, and we sustain appellant's third point.

Our sustaining such point makes it unnecessary for us to rule on the other points.

The summary judgment is reversed and the cause is remanded.