**DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY of Texas, Appellant,**

v.

**HELM–LARY FORD, INC. and Criterion Insurance Company, Appellees.**

No. 17918.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 5, 1978.

Brown, Crowley, Simon & Peebles and Anne Gardner, Fort Worth, for appellant.

Handy & Morgan, Inc. and James R. Handy, Hurst, for Helm-Lary Ford, Inc.

Cantey, Hanger, Gooch, Munn & Collins and Tolbert L. Greenwood, Fort Worth, for Criterion Ins. Co.

OPINION

HUGHES, Justice.

Dairyland County Mutual Insurance Company of Texas has appealed a summary judgment rendered against it in favor of Helm-Lary Ford, Incorporated, which judgment also dismissed defendant, Criterion Insurance Company, from the case. Partial summary judgment was granted as to liability against Dairyland. Damages were stipulated in the amount of $1,862.00, after which, final judgment was rendered.

We reverse and remand.

Dairyland summed up the statement of facts in this case (which was not disputed):

"Dairyland issued a collision and comprehensive automobile policy to Gregory Arth covering a 1972 Volkswagen which Arth had purchased from Helm-Lary Ford, Inc., in May of 1974 . . .. His roommate, Roger Hanson, also had a collision and comprehensive policy, issued by Criterion Insurance Company . . ..

"In its original petition, Helm-Lary alleged that it loaned a 1973 Pinto automobile to Gregory Arth after his Volkswagen had been seized by the National Automobile Theft Bureau as a stolen automobile, that Gregory Arth gave his roommate, Roger Hanson, permission to drive the Pinto and that it was damaged in the collision while Hanson was driving it . . . ..

"The motions for summary judgment filed by plaintiff, Helm-Lary, and Dairyland's co-defendant, Criterion, were supported by answers of Dairyland to Requests for Admission and Interrogatories establishing the issuance and terms of Dairyland's policy and, in addition, by the affidavits of the two insureds, Gregory Arth and Roger Hanson.

"Gregory Arth stated that he purchased a 1972 Volkswagen from Helm-Lary on or about May 2, 1974, that he drove the car until sometime in July of 1974 'when the National Automobile Theft Bureau seized the Volkswagen alleging that it had been stolen.' He reported the seizure to Helm-Lary and they 'loaned me a 1973 Pinto automobile for temporary use.' He further averred that he made a trip to D/FW Airport to pick up a paycheck on July 19, 1974 and gave his roommate, Roger Hanson, express permission to drive the Pinto on that occasion and that, while Roger Hanson was driving the Pinto, it flipped over on its top on an access road at the Airport. About a month later, he 'learned' that the Volkswagen was at a lot in Richland Hills. He went to that location and the National Automobile Theft Bureau 'relinquished control of the vehicle saying many items on the front end had been the subject of theft.'

. . .

"Roger Hanson stated in his affidavit that he was personally acquainted with Gregory Arth and knew that he had purchased the Volkswagen. He further stated essentially the same matters as contained in Arth's affidavit with regard to 'seizure' of the Volkswagen by the National Auto Theft Bureau, request by Arth for another automobile from Helm-Lary for his 'temporary use,' occurrence of the accident and the eventual return of the Volkswagen. However he stated that he was not certain whether the Volkswagen was actually returned to Gregory Arth or to Helm-Lary.

. . .

"Dairyland's policy issued to Gregory Arth provided for collision coverage under 'Part III—Physical Damage' for a non-owned automobile only if operated or used by the named insured or a relative, and then only if the non-owned automobile was not furnished for the regular use of the insured. Thus, if the 1973 Pinto is considered to be a 'non-owned automobile' then there is no coverage under Dairyland's policy. However, any person using an 'owned automobile' with permission of the named insured would be an 'insured person' under that policy, and there would be coverage for the 1973 Pinto in that event, if the 1973 Pinto can be considered 'owned.'

"The definition of 'owned automobile' under Part III of the policy includes a 'temporary substitute automobile.' That term is defined in the policy on page 2, under Definitions, Part I, as follows:

' "Temporary substitute automobile" means any automobile or trailer not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.' . . ..

"Helm-Lary and Criterion both contended in their motions for summary judgment that coverage for the loss of the 1973 Pinto should exist under Dairyland's policy because, as a matter of law, (1) Roger Hanson was an 'insured person' since he had permission of Gregory Arth to use the Pinto, and (2) the Pinto was a 'temporary substitute automobile.' Criterion further contended that its coverage was 'secondary' and that of Dairyland was 'primary.' The Trial Court agreed with all of these contentions in granting the summary judgments."

We sustain point of error No. 1. Dairyland referred us to Criterion's summary judgment motion which alleged primary

coverage in Dairyland. Dairyland's policy (in evidence) provides, under "Other Insurance", "the insurance with respect to a *temporary substitute automobile* or non-owned automobile shall be *excess* insurance over any other valid and collectible insurance." (Emphasis ours.)

Roger Hanson's affidavit reflected that he had a Criterion policy providing collision coverage. However, Hanson's policy was not placed in evidence and we cannot tell which of the two policies is primary or whether there might be two "excess" clauses. A conflict of such clauses could result in Criterion being established with the primary coverage, or in a proration of the loss. *Hardware Deal. Mut. F. Ins. Co. v. Farmers Ins. Exch.*, 444 S.W.2d 583 (Tex.1969).

Under the foregoing circumstances, we hold that summary judgment movants failed to establish, as a matter of law, that Dairyland had primary coverage or that Criterion should be discharged from liability. *Noland v. Allstate Insurance Company*, 429 S.W.2d 653 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ).

Reversed and remanded.