ACCEPTED
04-14-00758-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/7/2015 8:28:38 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00758-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/7/2015 8:28:38 PM
KEITH E. HOTTLE
Clerk

JOHN A. LANCE, DEBRA L. LANCE,
F.D. FRANKS AND HELEN FRANKS

APPELLANTS

V.

JUDITH AND TERRY ROBINSON, GARY AND BRENDA FEST,
VIRGINIA GRAY, BUTCH TOWNSEND AND
BEXAR-MEDINA-ATASCOSA COUNTIES WATER CONTROL AND
IMPROVEMENT DISTRICT NO. 1

APPELLEES

*From the 198th District Court of Bandera County, Texas*
*Trial Court No. CV-12-0100209*
*Honorable M. Rex Emerson, Judge Presiding*

# BRIEF OF APPELLANTS,
# JOHN A. LANCE, DEBRA L. LANCE,
# F.D. FRANKS AND HELEN FRANKS

| | |
|---|---|
| Dan Pozza | Cynthia Cox Payne |
| State Bar No. 16224800 | State Bar No. 24001935 |
| Attorney at Law | P.O. Box 1178 |
| 239 East Commerce Street | 1118 Main Street |
| San Antonio, Texas  78205 | Bandera, Texas  78003 |
| (210) 226-8888 – Phone | (830) 796.7030 – Phone |
| (210) 224-6373 – Fax | (830) 796.7945 – Fax |
| danpozza@yahoo.com | cpayne@paynelawfirm.net |

ATTORNEY FOR APPELLANTS,
JOHN A. LANCE, DEBRA L. LANCE, F.D. FRANKS AND HELEN FRANKS

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**Appellants**

John A. Lance, Debra L. Lance, F.D. Franks and Helen Franks

**Appellate Counsel**

Dan Pozza
State Bar No. 16224800
Attorney at Law
239 East Commerce Street
San Antonio, Texas 78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

**Appellate and Trial Counsel**

Cynthia Cox Payne
State Bar No. 24001935
P.O. Box 1178
1118 Main Street
Bandera, Texas 78003
(830) 796.7030 – Phone
(830) 796.7945 – Fax
cpayne@paynelawfirm.net

**Trial Counsel**

John D. Payne
Texas Bar No. 15658500
P.O. Box 1178
1118 Main Street
Bandera, Texas 78003
(830) 796.7030 – Phone
(830) 796.7945 – Fax
jpayne@paynelawfirm.net

| **Appellees** | **Appellate and Trial Counsel** |
| --- | --- |
| Judith and Terry Robinson, Gary and Brenda Fest, Virginia Gray, and Butch Townsend | Stephan B. Rogers<br>State Bar No. 17186350<br>Ross S. Elliott<br>State Bar No. 24080685<br>Rogers & Moore<br>309 Water Street, Suite 114<br>Boerne, Texas 78006<br>(830)-816-5487 – Phone<br>(830)- 786-4777 – Fax<br>srogerslaw@gmail.com<br>rors@rogersmoorelaw.com |
| Bexar-Medina-Atascosa Counties Water Control and Improvement District No. 1 | Edward Hecker<br>State Bar No. 00787668<br>Gostomski & Hecker<br>607 Urban Loop<br>San Antonio, Texas 78204<br>ed@ghlawyers.net |

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS.................................................................................. iv

INDEX OF AUTHORITIES.............................................................................. vii

STATEMENT OF THE CASE............................................................................ xi

STATEMENT REGARDING ORAL ARGUMENT ............................................ xii

ISSUES PRESENTED...................................................................................... xiii

1.  Because the Plaintiffs did not meet their burden of conclusively establishing each element of their causes of action, the trial court should not have rendered a summary judgment for the Plaintiffs............... xiii

2.  Because there is no summary judgment evidence of any of the deeds that are necessary to an adjudication of the motion for summary judgment, the trial court should not have rendered a summary judgment for the Plaintiffs........................................................................ xiii

3.  The trial court had no legal or factual basis to render a summary judgment for the Plaintiffs declaring that the Deed Without Warranty did not convey ownership or that the Franks had no ownership interest to convey to the Lances or that the Lances do not own the disputed area or that the Deed Without Warranty is an invalid cloud and burden on an easement........................................................................................ xiii

4.  The trial court had no legal or factual basis to render a summary judgment for the Plaintiffs declaring that the Plaintiffs had an express easement in the disputed area. ..................................................... xiii

5.  The trial court had no legal or factual basis to find that any element of a Civil Practice & Remedies Code, Chapter 12 claim was conclusively established.................................................................................... xiii

6.  The evidence does not support the trial court's award of attorney's fees to either or both the Plaintiffs and BMA............................................. xiii

7.      The trial court's award of attorney's fees to the Plaintiffs and BMA is neither equitable nor just. ............................................................................ xiii

STATEMENT OF FACTS ............................................................................................1

SUMMARY OF THE ARGUMENT ...........................................................................11

ARGUMENT ..............................................................................................................12

I.      The Plaintiffs had the burden to conclusively establish each element of their causes of action. ................................................................................ 12

II.     There is no summary judgment evidence of any of the deeds that are necessary to an adjudication of the motion for summary judgment. ........... 14

III.    Trespass to Try Title is the only procedural vehicle available for determining title; the Declaratory Judgment Act will not support this summary judgment order. ............................................................................ 16

IV.     Only the grantor may seek to have a deed set aside. ................................... 18

V.      The ownership of the disputed area remains disputed and as long as that dispute remains, there can be no determination of title. ....................... 19

VI.     The Spettle Deed is void because it does not contain the nucleus of a valid description. .......................................................................................... 22

VII.    There can be no express easement based on language in a conveyance that is not in the Plaintiffs' chain of title. ..................................................... 23

VIII.   For a host of reasons, the Spettle Deed does not establish an express easement in the lands conveyed to MVIC. ................................................... 25

        i.      The language does not comply with the Statute of Frauds. ................26

        ii.     There is no language creating a dominant and servient estate. ...........27

        iii.    At best, the language creates a nontransferable license or easement in gross. ............................................................................... 27

        iv.     The language does not contain explicit terms of the easement. ..........28

        v.      Rights under an express easement are not implied. ...........................28

vi.     None of Plaintiffs' deeds contain any easement language...................29

IX.     A deed cannot be a cloud on an easement. ...................................................... 29

X.     The Plaintiffs did not obtain a summary judgment on their CPRC Chapter 12 claim, but there is no support for the favorable findings the Plaintiffs received in the trial court's summary judgment order................... 30

XI.     There is legally and factually insufficient evidence to support the fees awarded to the Plaintiffs and BMA; nor is it equitable and just to award them........................................................................................................ 31

CONCLUSION ............................................................................................................37

PRAYER ......................................................................................................................38

CERTIFICATE OF SERVICE ....................................................................................39

CERTIFICATE OF COMPLIANCE ...........................................................................40

APPENDIX

Tab A     Amended Order on Plaintiffs' Motion for Partial Summary Judgment

Tab B     Plaintiffs' Motion for Partial Summary Judgment

Tab C     Supplement to Plaintiffs' Motion for Partial Summary Judgment

Tab D     Order on Plaintiffs' Motion for Severance, Attorney's Fees, and Final Judgment

Tab E     Amended Award of Attorney's Fees and Final Judgment

Tab F     Motion for New Trial of John A. Lance, Debra L. Lance, F.D. Franks and Helen Franks

Tab G     Corrected Proposed Findings of Fact and Conclusions of Law

Tab H     *Lance v. Robinson*, 2013 WL 820590 (Tex. App.—San Antonio March 6, 2013, no pet.)

Tab I     Plaintiffs' Fifth Amended Petition

# INDEX OF AUTHORITIES

**Cases**                                                                                     **Page**

*Aland v. Martin*,
271 S.W.3d 424 (Tex. App.—Dallas 2008, no pet.) .............................. 30

*Alley v. Carleton*,
29 Tex. 74 (1867) ................................................................................ 27

*Amedisys, Inc. v. Kingwood Home Health Care, LLC*,
437 S.W.3d 507 (Tex. 2014) ............................................................... 13

*Archaelogical Conservancy v. Wilson Land and Cattle Co.*,
2010 WL 1253576 (Tex. App.—Austin 2010, no writ) (mem. op.) . 16, 18

*Basley v. Adoni Holdings, LLC,*
373 S.W.3d 577 (Tex. App.—Texarkana 2012, no pet.) ........................ 36

*Beaumont Bank v. Buller*,
806 S.W.2d 223 (Tex. 1991) ............................................................... 32

*Bexar-Medina-Atascosa Counties*
*Water Improvement District No. 1 v. Wallace*,
619 S.W.2d 551 (Tex. App.—San Antonio 1981, writ ref'd n.r.e.)........ 22

*Bocquet v. Herring*,
972 S.W.2d 19 (Tex. 1998) ................................................................. 33

*Cain v. Bain*,
709 S.W.2d 175 (Tex. 1986) ............................................................... 34

*City of Houston v. Clear Creek Basin Auth.*,
589 S.W.2d 671 (Tex. 1979) ............................................................... 13

*City of Keller v. Wilson,*
168 S.W.3d 802 (Tex. 2005) ............................................................... 33

*Coinmatch Corp. v. Aspenwood Apt. Corp.*,
417 S.W.3d 909 (Tex. 2013) ............................................................... 36

*Coleman v. Forister,*
514 S.W.2d 899 (Tex. 1974) ............................................................... 28

*Cooksey v. Sinder*,
   682 S.W.2d 252 (Tex. 1984) ................................................................. 23

*Cummins v. Travis County Water Control and Improvement District No. 17*,
   175 S.W.3d 34 (Tex. App.—Austin 2005, no pet.) ........................... 27, 28

*Drye v. Eagle Rock Ranch, Inc.*,
   364 S.W.2d 196 (Tex. 1962) ....................................................... 27, 28, 29

*Ferrara v. Moore*,
   318 S.W.3d 487 (Tex. App.—Texarkana 2010, pet. denied) ................. 25

*Florey v. Estate of McConnell*,
   212 S.W.3d 439 (Tex. App.—Austin 2006, pet. denied) ........................ 36

*Ford v. Exxon Mobil Chem. Co.*,
   235 S.W.3d 615 (Tex. 2007) ................................................................. 19

*Fry v. Commission for Lawyer Discipline*,
   979 S.W.2d 331 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)... 13

*Goode v. Shoukfeh*,
   943 S.W.2d 441 (Tex. 1997) ................................................................. 32

*Gorman v. Gorman*,
   966 S.W.2d 858 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ..... 33

*Greenwood v. Lee*,
   420 S.W.3d 106 (Tex. App.—Amarillo 2012, pet. denied) .................... 24

*Hahn v. Love*,
   321 S.W.2d 517 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ..... 29

*Inwood N. Homeowners' Assoc'n v. Harris*,
   736 S.W.2d 632 (Tex. 1987) ................................................................. 23

*Joe v. Two Thirty Nine Joint Venture*,
   145 S.W.3d 150 (Tex. 2004) ................................................................. 13

*Kearney & Son v. Fancher*,
   401 S.W.2d 897 (Tex. Civ. App.—Fort Worth 1966, writ ref'd n.r.e.) .. 25

*Lopez v. Morales*,
2010 WL 3332318 (Tex. App.—San Antonio) .................................. 18, 19

*M.D. Anderson Hosp. & Tumor Inst. v. Willrich*,
28 S.W.3d 22 (Tex. 2000) ...................................................................... 13

*Mar. Overseas Corp. v. Ellis*,
971 S.W.2d 402 (Tex. 1998) .................................................................. 34

*Martin v. Amerman*,
133 S.W.3d 262 (Tex. 2004) .................................................................. 17

*MBank Brenham, N.A. v. Barrera*,
721 S.W.2d 840 (Tex. 1986) .................................................................. 15

*MBM Fin. Corp. v. Woodlands Operating Co., L.P.*,
292 S.W.3d 660 (Tex. 2009) ............................................................ 16, 17

*Meekins v. Wisnoski*,
404 S.W.3d 690 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ......... 36

*MMP, Ltd. v. Jones*,
710 S.W.2d 59 (Tex. 1986) .............................................................. 13, 22

*Nobles v. Marcus*,
533 S.W.2d 923 (Tex. 1976) .................................................................. 18

*Noland v. Allstate Insurance Company*,
429 S.W. 2d 653 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ) .. 15

*Provident Life & Acc. Ins. v. Knott*,
128 S.W.3d 211 (Tex. 2003) .................................................................. 13

*Sani v. Powell*,
153 S.W.3d 736 (Tex. App.—Dallas 2005, pet. denied) ........................ 36

*Segal v. Bock*, 2011 WL 6306623
(Tex. App.—Houston [1st Dist.] December 15, 2011, no pet.) ......... 14, 15

*Severance v. Patterson*,
370 S.W.3d 705 (Tex. 2012) .................................................................. 26

*Sorrells v. Giberson*,
   780 S.W.3d 936 (Tex. App.—Austin 1989, writ denied) ........................ 14

*Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*,
   981 S.W.2d 951 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)..... 36

*Sudan v. Sudan*,
   199 S.W.3d 291 (Tex. 2006) ................................................................. 12

*Tex. Parks & Wildlife Dep't v. Sawyer Trust*,
   354 S.W. 3d 384 (Tex. 2011) ............................................................... 17

*Trimble v. Gulf Paint & Battery, Inc.*,
   728 S.W.2d 887 (Tex. App.—Houston [1st Dist.] 1987, no writ) ........... 14

*Valence Operating Co. v. Dorsett*,
   164 S.W.3d 656 (Tex. 2005). ......................................................... 12, 13

*Vrabel v. Donahoe Creek Watershed Authority*,
   545 S.W.53 (Tex. Civ. App.—Austin 1977, no writ) ............................. 26

*Wesson v. Jefferson S&L Ass'n*,
   641 S.W.2d 903 (Tex. 1982) ......................................................... 13, 22

*Westland Oil Development Corp. v. Gulf Oil Corp.*,
   637 S.W.2d 903 (Tex. 1982) ................................................................. 24

*Williams v. Harris County Houston Ship Channel Navigation District*
   99 S.W.2d 276 (Tex. 1936) ................................................................... 24

*Zarges v. Bevan*,
   652 S.W.2d 368 (Tex. 1983) ................................................................. 15

**Statutes and Rules**

Tex. R. App. P. 38.1(e) ......................................................................... xii
Tex. R. App. P. 39.1(d). ........................................................................ xii
Tex. R. Civ. P. 166a(c) ........................................................................... 13
Tex. Civ. Prac. & Rem. Code §  12.002(a)(3) ....................................... 30
Tex. Civ. Prac. & Rem. Code §  12.003(a)(8) ....................................... 30
Tex. Civ. Prac. & Rem. Code § 18.001 ................................................... 9
Tex. Prop. Code § 22.001(a) ................................................................. 17

# STATEMENT OF THE CASE

*Nature of the case.*  Plaintiffs sued Defendants under the Declaratory Judgments Act and Chapter 12 of the Civil Practice & Remedies Code to determine title, set aside a deed and establish an easement.  **Tab I**. This case was previously before this Court on another issue.  **Tab H**.

*Course of proceedings.*  The Plaintiffs moved for summary judgment.  CR 44-51. **Tab B**.  **Tab C**.  After judgment was entered, the Defendants filed a motion for new trial on the attorney's fee award.  CR 490-92.  **Tab F**.  The trial court filed findings of fact and conclusions of law.  CR 514-16.  **Tab G**.

*Trial court disposition.*  The Honorable Keith Williams granted the motion for summary judgment (by an amended order) on June 11, 2014.  CR 412-14.  **Tab A**.  The Honorable M. Rex Emerson signed an order of severance on June 12, 2014.  CR 251-52.  **Tab D**.  The Amended Award of Attorney's Fees and Final Judgment was signed by Judge Emerson on October 30, 2014.  CR 505-06.  **Tab E**.

## STATEMENT REGARDING ORAL ARGUMENT

Certain procedural oddities may complicate the straightforward factual and legal picture presented by this case. The Court should grant oral argument because oral argument would significantly aid the Court in deciding this case. *See* Tex. R. App. P. 38.1(e), 39.1(d).

# ISSUES PRESENTED

1.      Because the Plaintiffs did not meet their burden of conclusively establishing each element of their causes of action, the trial court should not have rendered a summary judgment for the Plaintiffs.

2.      Because there is no summary judgment evidence of any of the deeds that are necessary to an adjudication of the motion for summary judgment, the trial court should not have rendered a summary judgment for the Plaintiffs.

3.      The trial court had no legal or factual basis to render a summary judgment for the Plaintiffs declaring that the Deed Without Warranty did not convey ownership or that the Franks had no ownership interest to convey to the Lances or that the Lances do not own the disputed area or that the Deed Without Warranty is an invalid cloud and burden on an easement.

4.      The trial court had no legal or factual basis to render a summary judgment for the Plaintiffs declaring that the Plaintiffs had an express easement in the disputed area.

5.      The trial court had no legal or factual basis to find that any element of a Civil Practice & Remedies Code, Chapter 12 claim was conclusively established.

6.      The evidence does not support the trial court's award of attorney's fees to either or both the Plaintiffs and BMA.

7.      The trial court's award of attorney's fees to the Plaintiffs and BMA is neither equitable nor just.

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Appellants, John A. Lance, Debra L. Lance, F.D. Franks and Helen Franks (referred to herein as "Defendants" or as "Lances" or as "Franks"), file this their Brief of Appellants, and respectfully show the Court as follows:

## STATEMENT OF FACTS

The Plaintiffs moved for summary judgment based on the Declaratory Judgments Act and Chapter 12 of the Texas Civil Practice and Remedies Code. The Plaintiffs asserted that "[t]he testimony and documentary evidence presented to the Court at the temporary injunction held on July 16, 2012 establish the foregoing as a matter of law." **Tab B**.

The Summary Judgment evidence before the trial court was expressed in the following manner by the Plaintiffs: "The transcript of the hearing and the exhibits admitted at the hearing are referenced and specified as evidence in support of this motion." **Tab B.**

In its supplement to their motion for summary judgment, the Plaintiffs attached the "sworn testimony given at the temporary injunction hearing held on July 16, 2012." **Tab C**. The Plaintiffs stated that they were offering "this record in support of their motion for partial summary judgment." **Tab C**. For some reason, the Plaintiffs never attached the exhibits from that hearing. Rather, the Plaintiffs simply stated that they "also offer *the exhibits* that were admitted at the

hearing, which *are currently in the possession of the court reporter*."  **Tab C**. (emphasis supplied).  The exhibits were never filed and are not contained in the summary judgment record.

Accordingly, the Defendants will describe the facts that were addressed in the hearing on the temporary injunction.

At the hearing, counsel for the Plaintiffs described the circumstances that brought the parties to the trial court that day.  Counsel described a dispute among the neighbors in the Redus Point Subdivision on Medina Lake.  The Plaintiffs are the owners of Lots 1, 2 and 3.  The Lances own Lot 8.  CR 58.

The area below and to the side of Lot 8 is "a beachfront area, that's below what's called Elevation 1084.  1084 elevation is the approximate location—or elevation at the top of Medina Dam."  CR 58.  Counsel for the Plaintiffs asserted that elevation 1084 is the "dividing line between privately-owned property and property that's owned by the water district, Bexar-Medina-Atascosa County Water Improvement District No. 1.  The water district, BMA, owns everything below Elevation 1084, and the private landowners own everything that's above Elevation 1084."  CR 58.[1]

---

[1] Plaintiffs' counsel has taken the opposite position in a similar suit.  CR 254, 274-89 ("The land between elevations 1072 and 1084 is subject to occasional flooding.  Most of this land…is owned and controlled by private landowners, subject to BMA's right to flood the land in connection with its storage of water for irrigation purposes."  CR 280).

Plaintiffs' counsel further described to the trial court that when the Lances bought Lot 8 from the Franks, the Lances "also bought another piece of property, .282 acres below the 1084 line." CR 60. Counsel's complaint to the trial court was that the Lances were claiming this area below elevation 1084 as their own. CR 60.

Counsel for the Defendants explained to the trial court that the Plaintiffs want to "cross the street, come around behind my clients' property, and they're asking you for the right to maintain improvements there, put their boats there, party, leave beer cans, do whatever it is that they want to on another side of— entire opposite side of this subdivision and peninsula." CR 63. On the contrary, said counsel for the Defendants, the "Spettle deed was totally for the purpose for folks to preserve those rights with respect to BMA. That far predates the conveyance of these individual lots, which have no such reservation of rights. There are no reservations of easement or anything of that sort in the lots conveyed—or in the deeds conveying these lots to the individual lot owners." CR 63-64.

Finally, Defendants' counsel noted that "[w]hen the Lances bought the property from the Franks in 2011, they also obtained the quitclaim deed[2] to this property. The Lances took this dilapidated chain fence that was falling down in

---

[2]    The Deed Without Warranty.

-3-

some places and began erecting a new fence, a new fence that would actually improve the value of the property, improve the aesthetic qualities of the neighborhood, and that's when all of this became an issue." CR 64.

Lemuel Sinclair, a land surveyor, testified at the hearing on behalf of the Plaintiffs. CR 67-88. Sinclair discussed the Spettle deed, a 1917 deed from Theresa Spettle to Medina Valley Irrigation Company, (MVIC, BMA's predecessor). CR 69-71.

Sinclair also discussed a different and distinct deed, the Spettle Partition deed. The land that this subdivision was built on in 1950 came from the lands partitioned to Mathilda Spettle Redus in 1917. CR 72-73. Sinclair testified that the Plaintiffs' lots, Lots 1, 2 and 3 in the subdivision, were successors in title to the lands partitioned to Spettle Redus. CR 73.

Spettle was asked his opinion as to whether the reservation contained in the Spettle deed to MVIC passed to subsequent owners such as the Plaintiffs. The trial court sustained the objection to this opinion. CR 74-75. Again, Sinclair was asked to confirm that "the owners of Lots 1, 2 and 3 have those three rights that were reserved in the Spettle deed because they are successors in title to the partition lands…" Again, the objection to that testimony was sustained. CR 76. There was no testimony presented on this issue.

In discussing the Deed Without Warranty, Sinclair agreed that such a deed means that the grantor makes no promise of title to the grantee.

> Q.   So the grantor, basically, doesn't guarantee that they're giving anything to the grantee, right?
>
> A.   Right.

CR 81.

On cross-examination, Sinclair admitted that there are houses on Medina Lake below elevation 1084. CR 82. Sinclair also confirmed that the Plaintiffs have lake access from their own property. CR 84-87.

Several of the Plaintiffs testified. Gary Fest testified that the Lances' activity in denying access to the .282-acre area interfered with the use of the dock. CR 91. Fest stated that the .282-acre area had been fenced since the 1970s, but that this fence had become dilapidated and the neighbors were used to being able to get through the fence easily. The Lances were replacing that fence. CR 96. On cross-examination, Fest said that although he was not claiming ownership of the .282-acre area, he believes he has access to any property below the 1084 line. CR 105, 109-100.

Defendant, John A. Lance, testified that there had always been a clear fence and boundary line over the .282-acre area. CR 122-23. Once the Deed Without Warranty was filed, Lance paid taxes on this tract. CR 124-25. Lance testified

that BMA did not own the property below elevation 1084, but only that the land below 1084 was subject to flooding. CR 127-130.

Defendant, F.D. Franks, testified that he and his wife had owned Lot 8 since 1995. CR 133. Franks had been told by his predecessor, Prado, that the .282-acre area was Franks "to control." CR 134. Prado gave him the key to the gate. CR 135. On cross-examination, Franks described his reasoning for having the deed without warranty prepared. "A quitclaim deed has been done in several areas of Medina Lake on adjoining property below the 1084." CR 138.

> Q. Mr. Franks, was it simply your intent to convey whatever rights you did own to the Lances?
>
> A. Yes, sir.
>
> Q. And you understand that there may be some dispute regarding property below the 1084 line?
>
> A. Yes, sir.
>
> Q. And that's why quitclaim deeds were commonly used with respect to properties that fall below that line?
>
> A. Yes, sir.

CR 139.

At the conclusion of the evidence, the trial court noted that "[o]bviously, there is going to need to be some other research, maybe some depositions taken as to whether or not the 1084 line is treated differently as shoreline property around

the lake, but this is a hearing for temporary orders, temporary injunction." CR 140-41.

The trial judge, based on his prior experience in these Medina Lake disputes, noted as well that

> Obviously, there is inconsistency, and I know Mr. Miller knows this because he's been in court on Medina Lake issues with me before, but there does not appear to be consistency on the enforcement of shoreline rights. There is a lot of metes and bounds disputes and issues, and my guess is we can go around the boundary of Medina Lake and find people who have done just what the Lances have done and people who have done just like the Plaintiffs have done.

CR 142.

On January 16, 2013, the Plaintiffs filed their motion for partial summary judgment. CR 44-49. The following day, the Plaintiffs filed their supplement to that motion attaching the reporter's record from the hearing on the temporary injunction, but not attaching the exhibits from the reporter's record. CR 50-51.

On April 5, 2013, the Defendants filed their response to the motion for summary judgment subject to a previously filed motion to compel and motion to continue the summary judgment hearing. CR 167-181. On October 14, 2013, the Honorable Keith Williams signed the first order granting the motion for summary judgment in part. CR 182-84. In the initial order, Judge Williams found that BMA owned the land below elevation 1084 in fee. CR 182.

On November 20, 2013, the Defendants filed a motion for re-hearing of the summary judgment motion. CR 185-229. With respect to the motion for re-hearing, on February 14, 2014, the Defendants filed a notice of intent to use discovery. CR 254-61. This evidence showed that the Plaintiffs had admitted in discovery responses that private property owners and BMA have ownership and/or easement rights in the area below elevation 1084. CR 256. Plaintiffs answered interrogatories that formal legal title to the .282-acre area is "unclear." CR 260. Also on February 14, 2014, the Defendants filed a supplement to their motion for re-hearing. CR 262-405.

On April 22, 2014, the Defendants supplemented the motion for re-hearing (CR 406-411) and attached an affidavit from Mike Grogan, a professional land surveyor. Grogan testified that he had reviewed the two Spettle deeds and found that the chain of title of Redus Point subdivision goes back to the Spettle Partition deed and not to the Spettle deed to Medina Valley Irrigation Company. Grogan also found that "the Spettle Deed describes a 1,568.82 acre tract by metes and bounds, with no reference to the water line, flow-line or Medina Lake boundary line, and the Spettle Partition Deed does reference the water…" CR 409. Based on the review of these deeds, it is Grogan's "opinion that the title to land conveyed by the Spettle Partition Deed, based on the reference to 'backwater' or 'flow-line' conveys land to the spillway elevation (BMA= 1072', USGS –1064') inasmuch

and [as] (sic) the Spettle Deed says the land will be used to 'store water.' And water is stored behind the dam up to the spillway elevation." CR 410.

Having considered this additional evidence, on June 14, 2014, the trial court deleted its "declaration" 3, deleting the finding that the .282-acre area is owned in fee by BMA. CR 412-15.

The motion for entry of final judgment and the hearing on attorney's fees was conducted on September 17, 2014. RR 1. Before the hearing began, counsel for Defendants objected to a hearing on BMA's claim for fees because BMA did not file a motion for summary judgment and had not been awarded any relief in the summary judgment order. RR 6, 25-27. Defendants objected to the affidavit of counsel for the Plaintiffs in that neither the Rogers affidavit or its supplement comported with Section 18.001 of the Civil Practice and Remedies Code. RR 7-8. Defendants also objected to the Plaintiffs' failure to comply with discovery requests to produce their attorney contract and fee invoices. The fee invoices were received the day before the hearing rather than 30 days or more before the hearing. RR 8-11. All objections were overruled. RR 21.

Stephen Rogers, the attorney for the Plaintiffs, testified that reasonable and necessary attorney's fees incurred by the Plaintiffs was $171,039.17 (RR 34) and that 85% of that sum was attributable to services provided in procuring the summary judgment order. RR 35-36. Rogers testified that the work necessary to

obtain the summary judgment order included responding to numerous special exceptions, an appeal on standing and a motion to disqualify counsel. These were testified to as examples of the work that was necessary. RR 36-41.

On cross-examination, Rogers again testified that 85% of the fees were "attributable to the issues that were decided in the summary judgment and severed into this case that we are here today on." RR 41-44. Rogers admitted that Plaintiffs' claims were based on law questions. RR 49-52.

Ed Hecker testified as the attorney for BMA. RR 64. Hecker redacted work he perfomed on the Chapter 12 claims from work performed on the declaratory judgment action. RR 76-78. On cross-examination, Hecker acknowledged that the Defendants had not sued BMA (RR 79), and it was BMA that chose to file an intervention in the case. RR 82. Hecker admitted that the relief granted in the summary judgment was based on the Plaintiffs' motion, not based on any filing by BMA. RR 83-85. Hecker stated that some of his billing was responding to the Defendants' motion for re-hearing of the initial summary judgment ruling. He conceded that the Defendants were successful on re-hearing. The trial court reversed itself on the issue of BMA's fee interest in the disputed .282-acre area. RR 86-89.

# SUMMARY OF THE ARGUMENT

This is an odd summary judgment. It is based on a very thin traditional motion for summary judgment. The summary judgment evidence consists of an early temporary injunction hearing, at the conclusion of which the trial court remarked on the various fact questions that were presented. The summary judgment motion references the deeds and other documents that were admitted at the temporary injunction hearing. But those exhibits, including the deeds that form the basis of the motion and resulting judgment, were never presented to the trial court as part of the summary judgment evidence. Those exhibits remained in the possession of the court reporter from the temporary injunction hearing. The deeds are not part of the summary judgment record.

The Plaintiffs sought to determine an issue of ownership without filing a trespass to try title action. The Plaintiffs sought to set aside the subject "Deed Without Warranty," without filing a suit to set aside the deed. **Tab I.** But beyond these procedural errors, the Plaintiffs failed to prove the issue of ownership as a matter of law. The summary judgment evidence (the testimony elicited at the temporary injunction hearing) does not establish title to the disputed area. Nor did the trial court determine ownership. Indeed, the trial court struck through its ownership finding. **Tab A.**

Nor can the summary judgment be affirmed based on findings of an express easement. The Deed from Spettle to MVIC (which contains the language relied on by Plaintiffs) is void for lack of a valid legal description. The Deed from Spettle to MVIC is not in Plaintiffs' chain of title; hence as a stranger to that deed, the Plaintiffs cannot rely on anything contained, referenced, reserved or granted therein. Aside from these dispositive principles, the language in the deed does not create an express easement because (1) the language does comply with the statute of frauds (there is no description of the easement's location or degree of certainty such that it can be located on the ground); (2) no dominant or servient estate is identified in the language; (3) the language is consistent with the creation of a license or an easement in gross; (4) nothing in the Spettle Deed mentions the right to cross over or linger on and the deed does not give any rights with regard to anybody else's property; and, (5) the Plaintiffs' own deeds are silent as to any easement rights.

**ARGUMENT**

I. **The Plaintiffs had the burden to conclusively establish each element of their causes of action.**

Appellate courts review a trial court's decision to grant no evidence and traditional motions for summary judgment de novo. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006); *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). Whether reviewing a traditional or no evidence summary judgment,

courts consider all the evidence in the light most favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *See Valence Operating,* 164 S.W.3d at 661; *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 156 (Tex. 2004).

The movant for summary judgment must show (1) there is no genuine issue of material fact and (2) the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014); *Provident Life & Acc. Ins. v. Knott,* 128 S.W.3d 211, 215-16 (Tex. 2003); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Even if the nonmovant does not file a response and the motion for summary judgment is uncontroverted, the movant must still carry the burden of proof. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979).

When, as here, plaintiffs move for summary judgment on their own causes of action, plaintiffs must prove they are entitled to summary judgment by establishing each element of their respective claims as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986); *Fry v. Commission for Lawyer Discipline*, 979 S.W.2d 331, 334 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). If plaintiffs do not conclusively establish all the elements necessary to their causes of action, summary judgment is not proper. *See e.g., Wesson v. Jefferson S&L Ass'n,* 641 S.W.2d 903, 906 (Tex. 1982) (because plaintiff did not

prove it was defendant's duty to procure insurance, an essential element, summary judgment was improper).

**II.     There is no summary judgment evidence of any of the deeds that are necessary to an adjudication of the motion for summary judgment.**

The Spettle Deed is not attached to Plaintiffs' Motion for Partial Summary Judgment or to any affidavit attached to Plaintiffs' Motion.  None of the deeds are part of the summary judgment record.

The trial court is charged only with the duty of considering the record as it properly appears before the court at the time the summary judgment motion is heard.  *Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 888 (Tex. App.—Houston [1st Dist.] 1987, no writ).  In *Sorrells v. Giberson*, 780 S.W.3d 936 (Tex. App.—Austin 1989, writ denied), the promissory note, like the deeds in this case, was completely absent from the summary judgment record.  The court held that the complete absence of the note from the summary judgment record could not serve as a basis for summary judgment.  *Id.* at 937-38 ("Neither the trial court nor this Court is free to speculate as to its contents").

Cases like this one, where there is the complete absence of the summary judgment evidence, are distinguishable from cases where, for instance, the needed document is referenced in the summary judgment motion and is actually on file, albeit attached to a different document.  *Segal v. Bock*, 2011 WL 6306623 (Tex. App.—Houston [1st Dist.] December 15, 2011, no pet.).

The court in *Segal v. Bock* explained the distinction thusly:

> In *Sorrels,* the lender of a promissory note moved for summary judgment against the borrower, but did not attach the note to either the summary judgment motion or any other properly filed instrument in the record. [*citation omitted*]. The court held that, because the note was completely absent from the record, it could not serve as a basis for summary judgment and that the borrower's failure to object was irrelevant to the issue of sufficiency of summary judgment evidence. [*citation omitted*]. The complete lack of evidence in *Sorrels* was the substantive defect, however, not the failure to physically attach it to the motion.

*Id.* at *5

Nor is this a case where a copy of the needed document is attached to an affidavit and the affiant avers that the copy is a true and correct copy. *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983). Here vital documents are missing from the summary judgment record. The Plaintiffs want to establish rights under a deed, but there is no evidence of the deed. The Plaintiffs want to void a quitclaim deed (the Deed Without Warranty), but there is no evidence of the quitclaim deed. There is no evidence of the Spettle deed or the Spettle Partition deed.

The summary judgment motion is fatally defective because the deeds were not attached or otherwise made a part of the summary judgment record. *MBank Brenham, N.A. v. Barrera,* 721 S.W.2d 840, 842 (Tex. 1986); *See Noland v. Allstate Insurance Company,* 429 S.W. 2d 653, 654 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ) (absence from summary judgment record of entire insurance

policy sued on prevented determination of the term "commercial automobile" and thus required reversal of the summary judgment).

## III. Trespass to Try Title is the only procedural vehicle available for determining title; the Declaratory Judgment Act will not support this summary judgment order.

The Plaintiffs are seeking a declaratory judgment on an issue of ownership that can only be determined in a trespass to try title cause of action. A trespass to try title claim is the method in Texas for adjudicating disputed claims of title to real property. *Archaelogical Conservancy v. Wilson Land and Cattle Co.*, 2010 WL 1253576 at *4 (Tex. App.—Austin 2010, no writ) (mem. op.); *see also MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 and n. 48 (Tex. 2009) (describing in dicta, property code's trespass-to-try-title action as the "exclusive remedy" for adjudicating title disputes). *Id.*

"Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought." *Archaelogical Conservancy,* 2010 WL 1253576 at *5. In pursuit of a declaratory judgment, in *Archaelogical Conservancy,* the Conservancy sought construction of the terms of a Gift Deed. The Conservancy presented the issue as whether it had violated the terms of a Gift Deed. If the Conservancy had not violated the terms, then the reverter clause would not be operative and it would retain title to the disputed land. But the court held that

deciding whether the terms of the Gift Deed had been complied with was not a separate stand-alone controversy. The Conservancy's request for judicial construction of the Gift Deed's reverter clause was, in essence, a means to determine title to the disputed property covered by the gift deed. The court held that the Conservancy had to pursue its claims in a trespass to try title action.

Although the existence of another adequate remedy does not necessarily preclude a declaratory judgment that is otherwise appropriate, the Act cannot be invoked when it would interfere with some other exclusive remedy. *MBM Fin. Corporation v. Woodlands Operating Co., L.P.*, 292 S.W.3d at 669; *see, e.g., Martin v. Amerman,* 133 S.W.3d 262, 267 (Tex. 2004) (noting that the Property Code describes trespass-to-try-title actions as the method for determining title to real property). The Texas Supreme Court has continually reaffirmed that trespass to try title is the exclusive method for determining title in Texas.

"Generally, a trespass to try title claim is the exclusive method in Texas for adjudicating disputed claims of title to real property. *See* TEX. PROP. CODE § 22.001(a). "A trespass to try title action is the method of determining title to lands, tenements, or other real property." *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W. 3d 384, 389 (Tex. 2011).

Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought. *Archaeological Conservancy,* 2010 WL 1253576 at *5.

**IV.    Only the grantor may seek to have a deed set aside.**

To find title in a party other than the grantee, a court must first set aside the grantee's deed. Plaintiffs did not bring a suit to set aside the Deed Without Warranty from the Franks to the Lances. **Tab I**. They have not cleared the way for a determination of title in BMA. Nor did the trial court find that BMA has title to the disputed area. The Deed Without Warranty has not been set aside and remains a valid deed.

More importantly, the Texas Supreme Court has made it clear that only the grantor in a deed may seek to have it set aside. Plaintiffs cannot avoid this requirement by asking the Court for a finding that the Deed Without Warranty conveyed no ownership interest without first challenging the validity of the Deed Without Warranty.

Until there is a successful suit to set aside a deed, it is valid and represents prima facie evidence of title. *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). Only the grantor has a right to seek to have a deed set aside for fraud. *Id*. at 927; *Lopez v. Morales*, 2010 WL 3332318 at *3 (Tex. App.—San Antonio).

The Texas Supreme Court in *Ford v. Exxon Mobil Chem. Co*., 235 S.W.3d 615, 618 (Tex. 2007) reaffirmed its holding that deeds are valid until set aside. This Court has also addressed who may bring a cause of action for fraud in connection with a deed. This Court held that where the complaining party was not the grantor, he had no standing to pursue a claim in connection with the complained-of deed. *Lopez,* 2010 WL 3332318 at \*4.

Under the trial court's order, Plaintiffs can challenge anyone's deed. Under this order, Plaintiffs do not have to be the grantor in a deed to challenge a deed. Any person can challenge the deed of another property owner to have themselves declared owner. But Texas law does not allow a non-grantor to bring a cause of action to have a deed set aside. Plaintiffs are entitled to bring a claim for an express easement to the disputed tract, but they are not entitled to have the deed from the Franks to the Lances set aside. And until such a suit to set aside a deed is successful, a declaration of title is unavailable.

## V. The ownership of the disputed area remains disputed and as long as that dispute remains, there can be no determination of title.

What facts were conclusively proved at the hearing on the temporary injunction?

There was testimony that the Plaintiffs have constructed or placed their personal property below elevation 1084 in an area of the lake that is partially enclosed with a fence constructed by the Defendants' predecessor. There was

testimony that the Lances intended to replace the dilapidated fence and that doing so would effectively keep the Plaintiffs from making use of that area of the lake below elevation 1084.

There was testimony that the Plaintiffs have lake access from their own lots but that access to the lake from their own lots is more difficult than from the Defendants' lot. There was testimony that there is no lake to access from any lots because of the drought.

There was testimony from land surveyor, Lemuel Sinclair, Plaintiffs' expert, that described the parties' subdivision as having originated from lands in a partition deed not from lands conveyed in the deed from Spettle to MVIC. Sinclair was not permitted to testify as to whether, in his opinion, any reservations passed to subsequent owners such as the Plaintiffs.

Although there was a lot of lawyer talk about the Defendants' inability to assert exclusive control to the area below elevation 1084, Sinclair testified that there are a number of homes that have been built below elevation 1084 along Medina Lake's (former) shoreline. The fact that property is being exclusively controlled by private property owners below elevation 1084, rather than by BMA, conflicts with the Plaintiffs' testimony that they believe they have access to lake property at any location if the property is below elevation 1084. These facts also corroborate Mr. Franks' testimony that homes have been built below elevation

1084. Based on his own experience handling Medina Lake cases, Judge Williams also appreciated that this was an ongoing, and not yet resolved, controversy.

Sinclair testified that the Deed Without Warranty, like a quitclaim deed, conveys no promise of title. Mr. Franks understood this definition and testified that it was his intent to convey whatever rights, if any, he had to that area to the Lances. Mr. Franks understood that that was a common practice at Medina Lake with respect to properties that fall below elevation 1084. Judge Williams acknowledged as much after the hearing.

It is obvious that a deed-without-warranty could not be intended to create an appearance of a conveyance of ownership because the very definition of a deed-without-warranty precludes such intent. And such a deed could not be used or presented with an intent to injure because, again, a deed-without-warranty is, by definition, not a statement that title is being promised.

Nothing was conclusively proven at the hearing on the issues of ownership to the disputed area or the easement rights of the Plaintiffs to the disputed area. Judge Williams acknowledged as much after the hearing. CR 67-142.

The hearing established nothing and the deeds are not part of the summary judgment record. Because the Plaintiffs failed to prove they were entitled to summary judgment by establishing each element of their respective claims as a

matter of law, this summary judgment must be reversed. *MMP, Ltd. v. Jones*, 710 S.W.2d at 60; *Wesson v. Jefferson S&L Ass'n*, 641 S.W.2d at 906.

**VI.     The Spettle Deed is void because it does not contain the nucleus of a valid description.**

The validity of the 1917 deed from the Spettles to BMA, through which Plaintiffs claim an express easement, is controlled by the finding of this Court which construed another 1917 deed from the Spettles to BMA's predecessor. The holding, in that opinion, is that the deed is void because the deed did not contain "….the nucleus of a valid description." *Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. Wallace*, 619 S.W.2d 551, 554 (Tex. App.—San Antonio 1981, writ ref'd n.r.e.).

In *Wallace*, the Fourth Court explained that:

> [T]he Warranty Deed from Joseph F. Spettle, et al to The Medina Valley Irrigation Company, dated January 18, 1917, and of record in Volume G-1, Pages 308-313, Deed Records of Bandera County, Texas, which is an indispensable link in Plaintiff's chain of title, is not sufficient to satisfy the Statute of Frauds. The beginning point of such tract is described merely as "point '2' " and there are no means or data contained in the description by which such point may be located on the ground with reasonable certainty. The remaining calls comprising the description is for courses and distances without reference to any objects, monuments or existing writings. None of such calls can be located on the ground without reference to the beginning point. Because of the insufficiency of the field notes, the only descriptive data contained in the Deed are that the tract contains 13.76 acres, more or less, and is off the South side of Survey No. 288, E.

Pennington, in Bandera County, Texas. **Such description does not furnish within itself, or by reference to some other existing writing, the means or data by which the tract may be identified with reasonable certainty. Because the Deed does not contain the nucleus of a valid description, it is void.**

*Id*. at 554 (emphasis supplied).

The description of land in the subject Spettle Deed to BMA employs an identical technique and description as contained in the deed this Court found to be void. The description in the subject Spettle Deed to BMA used, as points of beginning, "point 0," "point 1," "point 2," etc. The remaining calls are for course and distances without references to any object, monuments or existing writings. And, like the previously adjudicated Spettle Deed, no calls for the Spettle Deed to BMA can be located on the ground without reference to the beginning point. Voiding this deed precludes the need to consider whether the language in the deed gives rise to an easement.

**VII. There can be no express easement based on language in a conveyance that is not in the Plaintiffs' chain of title.**

A purchaser is bound by the terms of instruments in his chain of title. *Inwood N. Homeowners' Assoc'n v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987) quoting *Cooksey v. Sinder*, 682 S.W.2d 252, 253 (Tex. 1984). "A purchaser is bound by *every* recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he

claims." *Westland Oil Development Corp. v. Gulf Oil Corp*., 637 S.W.2d 903, 908 (Tex. 1982). *See also Williams v. Harris County Houston Ship Channel Navigation District*, 99 S.W.2d 276 (Tex. 1936).

Plaintiffs' chain of title goes back to the Spettle Partition deed, not the Spettle Deed that conveyed land to MVIC, BMA's predecessor, as Plaintiffs' expert testified at the Temporary Injunction hearing (CR 69-73) and as further explained in Mike Grogan's affidavit. (CR 409-10). Said Partition Deed contains no reference to any type of reservation, grant or license with regard to usage of water, access to the Lake or any other such matter. There is nothing to support Plaintiffs' claim to an express easement based on a deed which is not in their chain of title.

Focusing on the importance of a property owner seeking to claim rights of an express easement from an earlier document, *Greenwood v. Lee*, 420 S.W.3d 106, 109 (Tex. App.—Amarillo 2012, pet. denied) is instructive. In construing the easement rights of the current holder, the Amarillo court of appeals looked at a 1964 document creating the express easement, and examined each conveyance in the chain of title leading up to the current easement holder's 2009 deed. *Id*. at 109-110.

Plaintiffs have identified no law to support their claim to an express easement based on language in a conveyance that is not in their chain of title. This is fatal to their claim of an express easement.

## VIII. For a host of reasons, the Spettle Deed does not establish an express easement in the lands conveyed to MVIC.

The basic principles of contract construction and interpretation are applied when considering an express easement's terms. *Ferrara v. Moore,* 318 S.W.3d 487, 490 (Tex. App.—Texarkana 2010, pet. denied).

"Where an easement is created by express grant or reservation, the extent of the right acquired depends not upon user, as in the case of easements created by prescription, ... but upon the terms of the grant or reservation properly construed." *Kearney & Son v. Fancher,* 401 S.W.2d 897, 905 (Tex. Civ. App.—Fort Worth 1966, writ ref'd n.r.e.).

The language in the Spettle Deed on which Plaintiffs rely for their express easement is:

> (a) The right to use the waters in the reservoir for domestic purposes;
>
> (b) The right to use the waters in the reservoir for bathing, boating, fishing, and hunting; and,
>
> (c) The right to construct upon the edges of the reservoir at their own peril and expense and without any liability of the grantors for the destruction thereof by water or otherwise, such improvements as may be necessary and incident to

the exercise of the privileges above reserved by the grantors, their heirs and assigns, which privileges are to be exercised by said parties only to the extent and in the proportion which the acreage above described bears to the total acreage under the flow line of said reservoir.

### i. The language does not comply with the Statute of Frauds.

The first deficiency in the above language creating an express easement is that is does not comply with the statute of frauds. Express easements must comply with the statute of frauds, which requires a description of the easement's location. *Severance v. Patterson*, 370 S.W.3d 705, 736 (Tex. 2012).

The description of an easement requires a sufficient degree of certainty such that a surveyor can go upon the land and locate the easement from such description. *Vrabel v. Donahoe Creek Watershed Authority*, 545 S.W.53, 54 (Tex. Civ. App.—Austin 1977, no writ). If the easement does not sufficiently identify a description of its location, then it must fail and will be declared void. *Id.* The language relied upon by Plaintiffs is devoid of any description as to where the easement lies. Worse, there is no description that would enable a surveyor to locate the easement.

For the statute of frauds to be satisfied, the intent of the parties, the essential terms of the easement, and an adequate description of the easement's location must be apparent from the face of the document, without reference to extrinsic evidence. If the court cannot determine these elements with reasonable certainty, then no

express easement is conveyed. *Cummins v. Travis County Water Control and Improvement District No. 17,* 175 S.W.3d 34, 51 (Tex. App.—Austin 2005, no pet.).

The language relied upon by Plaintiffs in the Spettle deed is silent as to where the claimed easement is located. The language does not even attempt to locate the easement to the degree where a surveyor could go upon the land and locate the easement. For these reasons alone, Plaintiffs' claim for an express easement fails.

### ii. There is no language creating a dominant and servient estate.

To create an express easement that runs with the land, "there must be a dominant estate and a servient estate….. This concept is in contrast to an easement in gross which attaches to an individual and is not dependent upon the existence of a dominant estate in land. *Alley v. Carleton*, 29 Tex. 74 (1867)." *Drye v. Eagle Rock Ranch, Inc*., 364 S.W.2d 196, 207 (Tex. 1962). The language relied upon by Plaintiffs contains no reference to a dominant or servient estate.

### iii. At best, the language creates a nontransferable license or easement in gross.

The right to go upon the land of another for pleasure and recreation, such as sought in the subject suit, is most typically classified as either (1) a license, as a license to picnic or to hunt, or (2) an easement in gross, which is an interest in land, usually attached to a person but not attached or appurtenant to the land of the

owner of the right. Ordinarily licenses are revocable; and ordinarily, easements in gross are not transferable or assignable. *Drye v. Eagle Rock Ranch, Inc*. 364 S.W.2d at 203 (Tex. 1963). The language relied upon by Plaintiffs creates a license or an easement in gross, not an easement appurtenant.

### iv. The language does not contain explicit terms of the easement.

An express easement must be explicit as to the essential terms of the easement, and an adequate description of the easement's location must be apparent from the face of the document. *Cummins v. Travis County Water Control and Improvement District No. 17,* 175 S.W.3d at 51.

In contrast, the trial court's ruling simply states: "Plaintiffs own an express easement in the disputed area." Perhaps, understandably, no mention is made of the terms of the easement or its location since none of such is identified in the purported easement granting language in the Spettle deed.

### v. Rights under an express easement are not implied.

No rights under an express easement are implied. *Coleman v. Forister,* 514 S.W.2d 899, 903 (Tex. 1974). Therefore, since the language relied upon by Plaintiff is silent as to any rights to use, cross, recreate on or ingress and egress over any real property, no such rights may be implied. There is no support for the trial court's holding that Plaintiffs have an easement in the disputed area.

### vi. None of Plaintiffs' deeds contain any easement language.

Critically, none of Plaintiffs' deeds contain any easement language which the Texas Supreme Court would find relevant. *Drye v. Eagle Rock Ranch, Inc*., 364 S.W.2d at 200-01 ("It is significant however, that none of the deeds purported to grant the purchaser any rights or easement over the ranch or over any property outside the purchaser's own lot.").

Any one of the above reasons defeats the Plaintiffs' claim of an express easement. No construction of the language proferred by the Plaintiffs provides any assistance to their easement claim. Indeed, every construction fails. The Plaintiffs have no claim of an express easement.

## IX. A deed cannot be a cloud on an easement.

In addition to the errors of fact and law contained in the declarations in the trial court's summary judgment order, the order also contains its share of absurdities. For instance, declaration 7 states: "The Deed Without Warranty is an invalid cloud and burden on the easement rights of plaintiffs." CR 413.

Defendants find no such cause of action in Texas jurisprudence. A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title to the owner of the property. *Hahn v. Love*, 321 S.W.2d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The Plaintiffs are not claiming to be the owners of the disputed area. If an easement is

valid, it is irrelevant who owns the land. Because it is irrelevant who owns the land, there is no such thing as a deed causing an invalid cloud on an easement.

**X.** **The Plaintiffs did not obtain a summary judgment on their CPRC Chapter 12 claim, but there is no support for the favorable findings the Plaintiffs received in the trial court's summary judgment order.**

"The party asserting a claim under Section 12.002 has the burden to prove the requisite elements of the statute." *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App.—Dallas 2008, no pet.). The summary judgment order does not find for the Plaintiffs on every element of their Chapter 12 claim. CR 414. The order does not find that the Defendants intended the Plaintiffs to suffer financial injury in violation of CPRC Section 12.002(a)(3). But there is also no support for declarations the judgment makes as to other elements of this claim. In the interest of judicial economy, this Court should make that determination now so that the Defendants, on remand, will not be met with having to defend a Chapter 12 claim.

The Plaintiffs do not own an express easement in the disputed area, therefore, they do not have standing under CPRC Section 12.003(a)(8). But for the reasons discussed in Section IX of the Argument, even if the Plaintiffs *did* have an express easement, they would not have standing under Chapter 12. The Plaintiffs' easement rights cannot be impaired by any owner or by any deed. Who owns the disputed area does not matter.

The trial court found that as a matter of law the Defendants intended to create the appearance of an actual conveyance of ownership in the disputed area. CR 414. But it is undisputed that the Deed Without Warranty, like a quitclaim deed, makes no promise of title. That is definitional, not factual. The very nature of a deed without warranty negates the trial court's finding. The Plaintiffs' own expert corroborates this understanding.

> *Q.    A deed without warranty means that the grantor*
> *makes no promise of title to the grantee, right?*
> *A.    That's right.*
> *Q.    So the grantor, basically, doesn't guarantee that*
> *they're giving anything to the grantee, right?*
> *A.    Right.*

CR 81.

Given that no promise or guarantee of ownership is being made, how can it be that the Defendants intended to convey ownership as a matter of law? As noted by Judge Williams, he assumes many people along the Medina Lake shoreline have done the same and there was testimony as well to this effect. CR 138-39, 142. None of the trial court's findings with regard to Chapter 12 were established as a matter of law.

**XI.    There is legally and factually insufficient evidence to support the fees awarded to the Plaintiffs and BMA; nor is it equitable and just to award them.**

On June 12, 2014, the trial court granted the Plaintiffs' Motion for Severance, Attorney's Fees, and Final Judgment. **Tab D.** In that order, the trial

court stated that the matters addressed in the Plaintiffs' summary judgment motion were severed. The matters addressed in the summary judgment motion pertain solely to the temporary injunction hearing.

The trial court also ordered that the reasonable and necessary attorney's fees connected with the severed matter were to be set for a hearing. **Tab D**. Thus, the attorney's fees that were subject to being awarded would be fees for professional services connected with the preparation for and attendance at the temporary injunction hearing and the preparation of the motion for summary judgment. All other issues, and the professional services the parties have required for those other issues, remain pending in the original cause number or were unnecessary for this summary judgment proceeding.

The Supreme Court has described the proper analysis for awarding fees under the Declaratory Judgments Act. The Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law. It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles, *e.g., Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997), or to rule without supporting evidence, *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Therefore, in reviewing an attorney fee award under

the Act, the court of appeals must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary, or when the award was inequitable or unjust. Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees. This multi-faceted review involving both evidentiary and discretionary matters is required by the language of the Act. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

Unlike CPRC Chapter 38, a party seeking to recovery attorney's fees under Chapter 37 enjoys neither a presumption of reasonableness nor the availability of judicial notice. *Gorman v. Gorman*, 966 S.W.2d 858, 867 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The Plaintiffs were required to prove that their fees were reasonable and necessary for the matters for which the Plaintiffs obtained summary judgment.

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). Although appellate courts consider the evidence in a light most favorable to challenged findings of fact, indulging every reasonable inference that supports them, reviewing courts may not disregard evidence that allows only one inference. *Wilson*, 168 S.W.3d at 822.

When considering a factual sufficiency challenge, appellate courts consider and weigh all of the evidence, not just that evidence which supports the trial court's judgment. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). The judgment is set aside only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Ellis*, 971 S.W.2d at 407; *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The summary judgment order served as the predicate for the subsequent award of attorney's fees. Had there been no summary judgment, it is hard to imagine the Plaintiffs and BMA moving for their attorney's fees. But in weighing all the evidence, this Court must look at the work that would have been necessary to develop the evidence that was used to support the Plaintiffs' motion for summary judgment. The only evidence that was used was the reporter's record from the hearing on the temporary injunction. The documents that would have been before the trial court on the motion for summary judgment had they been filed, were, as Mr. Rogers testified, already in the possession of the Plaintiffs at the time they filed suit.

Both the attorney for the Plaintiffs and the attorney for BMA acknowledged the need to segregate their fees and both of them testified that they did so. Rogers testified that 85% of his fees were for services related to the summary judgment issues. Hecker testified that he redacted any work he did related to claims under

CPRC Chapter 12. RR 76-78. But how can it be equitable and just for these parties to recover for the professional services of their attorneys that played no part in the motion for summary judgment?

The only services that would be reasonable and necessary would be the services provided in developing the evidence and preparing for the temporary injunction, the preparation of the motion and supplemental motion for summary judgment and the temporary injunction and summary judgment hearings themselves. The motion for summary judgment is based solely on the temporary injunction hearing. The fee statements and attorney testimony upon which the trial court based its award envelop a much larger litigation universe than the work that was necessary for the motion for summary judgment.

In the case of BMA, the equities and justness of the fee award on its behalf are wholly lacking. On numerous occasions, trial counsel for the Plaintiffs objected to the trial court hearing testimony from counsel for BMA about BMA's attorney's fees. RR 6, 25-27. After all, BMA had chosen to intervene in the lawsuit. The Defendants had not sued BMA. RR 82. BMA was not yet a party at the time of the temporary injunction hearing. BMA did not file the motion for summary judgment that led to the summary judgment order and subsequent hearing on attorney's fees. BMA, in fact, has yet to obtain any relief from the trial court.

Even some of the issues subsumed within the summary judgment order pertain to claims that cannot be brought under the Declaratory Judgments Act. The claims to set aside the Deed Without Warranty and claims concerning the Defendants' ownership can only be brought as a Trespass to Try Title. Attorney's fees are not recoverable for a claim to quiet title. *See, e.g.*, *Florey v. Estate of McConnell,* 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, pet. denied); *Sani v. Powell*, 153 S.W.3d 736, 745 (Tex. App.—Dallas 2005, pet. denied); *Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 957 (Tex. App.—Houston [1ˢᵗ Dist.] 1998, pet. denied). A declaratory judgment claim cannot be used to recover attorney's fees in a dispute governed by a trespass to try title claim for which attorney's fees are not recoverable. *Coinmatch Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 926 (Tex. 2013); *Meekins v. Wisnoski*, 404 S.W.3d 690, 701 (Tex. App.—Houston [14ᵗʰ Dist.] 2013, no pet.); *Basley v. Adoni Holdings, LLC,* 373 S.W.3d 577, 587 (Tex. App.—Texarkana 2012, no pet.). As noted in an earlier section of this argument, a trespass to try title claim is "*the* method for determining title" to property, and a party may not proceed alternatively under the Declaratory Judgments Act to recover their attorney's fees. *Coinmatch Corp.*, 417 S.W.3d at 926.

## CONCLUSION

The Plaintiffs believe they have easement rights to the area below elevation 1084 at Lot 8. Disputing the title to that area is unnecessary to the adjudication of the asserted easement. Indeed, the Plaintiffs do not have standing to set aside the deed between the Franks and the Lances. Issues of ownership are of no legal consequence to a holder of easement rights. Unfortunately, the parties have had to engage in needless litigation because of the Plaintiffs' insistence on asserting these irrelevant claims.

The relevant question is whether the Plaintiffs have easement rights, not who is the owner of the disputed area. BMA's presence, therefore, is not needed nor was it solicited. Again, it is unfortunate that the Defendants have had to expend time and resources engaged in a dispute with BMA.

But the Defendants have shown that the Plaintiffs do not have easement rights because the relevant deed is void for lack of a valid legal description, because the relevant conveyance is not in the Plaintiffs' chain of title and because the language does not comply with the statute of frauds, does not create a dominant and servient estate, does not contain explicit terms of an easement and does not contain easement language.

The attorney's fees awarded to the Plaintiffs and BMA cannot be justified either based on a review of all of the evidence or as a matter of equity and justness.

The summary judgment order itself is something less than a model of coherence when due consideration is given to the applicable law and facts. Nothing has been conclusively proven. The Plaintiffs have not met their burden of proof and the summary judgment order cannot stand.

## PRAYER

For all of these reasons, the Defendants pray that the summary judgment be reversed and rendered, or in the alternative, remanded, that the order awarding attorney's fees, court costs and interest be reversed and rendered, or in the alternative, remanded, and that the Defendants have such other and further relief to which they are entitled at law or in equity.

Respectfully submitted,

Cynthia Cox Payne
Texas Bar No. 24001935
1118 Main Street
Bandera, Texas 78003
(830) 796-7030 – Phone
(830) 796-7945 – Fax
cpayne@paynelawfirm.net

/s/Dan Pozza
Dan Pozza
State Bar No. 16224800
239 East Commerce Street
San Antonio, Texas 78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com
ATTORNEY FOR APPELLANTS
JOHN A. LANCE, DEBRA L. LANCE,
F.D. FRANKS AND HELEN FRANKS

-38-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing *Brief of Appellants* was served via electronic transmission, on this the 8th day of April, 2015, to:

Stephan B. Rogers
Ross S. Elliott
Rogers & Moore
309 Water Street, Suite 114
Boerne, Texas  78006
Attorney for Plaintiffs
srogerslaw@gmail.com
rors@rogersmoorelaw.com

Edward Hecker
Gostomski & Hecker
607 Urban Loop
San Antonio, Texas 78204
ed@ghlawyers.net


/s/Dan Pozza

# CERTIFICATE OF COMPLIANCE

1.     The undersigned certifies that this Brief of Appellants complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D) because this brief contains 8,980 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2.     This brief complies with the typeface requirement of Tex. R. App. P. 9.4(e) because this brief has been prepared in a conventional typeface of 14-point font in the text.

/s/Dan Pozza



**TAB A**

## CAUSE NO. CV-12-209

| | | |
|---|---|---|
| JUDITH AND TERRY ROBINSON, | § | 198TH DISTRICT COURT |
| GARY AND BRENDA FEST, | § | |
| VIRGINIA GRAY and BUTCH | § | |
| TOWNSEND, Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | |
| JOHN A. LANCE & DEBRA L. | § | |
| LANCE, & F. D. AND HELEN | § | |
| FRANKS; Defendants | § | BANDERA COUNTY, TEXAS |

### AMENDED ORDER ON PLAINTIFFS'
### MOTION FOR PARTIAL SUMMARY JUDGMENT

On May 30, 2014, this Court reconsidered the Plaintiffs' Motion for Partial Summary Judgment, the summary judgment evidence, the pleadings on file, and the arguments of counsel.

The Court hereby GRANTS in part and DENIES in part the motion for partial summary judgment, and declares as follows:

1. The Deed Without Warranty dated October 13, 2011, from the Franks as grantors to the Lances as grantees (recorded in Volume 915, Page 86, of the Bandera County real property records) ("Deed Without Warranty"), purporting to convey the Franks' interest in a described .282-acre parcel of land ("disputed area") to the Lances, did not convey any ownership or other interest in the described property to the Lances.

2. The Franks never acquired ownership or other possessory interest in the disputed area by deed or other written instrument, and therefore had no fee ownership of the land to convey to the Lances.

3. The disputed area is part of the land owned in fee by the Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1 ("BMA"), as successor to the Medina Valley Irrigation Company ("MVICO"), grantee under the warranty deed dated January 22, 1917,

AMENDED ORDER                                                    Page 1

from grantors ~~Theresa Spettle, et al. (recorded in Volume G-1, Page 315, of the Bandera County real property records), referred to herein as the "Spettle Deed."~~

4. The Spettle Deed expressly reserves an easement in the lands conveyed to MVICO in the grantors under said deed. The easement gives said grantors, and their heirs and assigns, the following rights to use the land below the flow line of Medina Lake and the waters of said reservoir:

   (a) The right to use the waters in the reservoir for domestic purposes;

   (b) The right to use the waters in the reservoir for bathing, boating, fishing, and hunting; and,

   (c) The right to construct upon the edges of the reservoir at their own peril and expense and without any liability of the grantors for the destruction thereof by water or otherwise, such improvements as may be necessary and incident to the exercise of the privileges above reserved by the grantors, their heirs and assigns, which privileges are to be exercised by said parties only to the extent and in the proportion which the acreage above described bears to the total acreage under the flow line of said reservoir.

5. The land comprising the Redus Point Addition Subdivision is part of the land partitioned to Mathilda Spettle Redus in the partition deed dated July 18, 1917, signed by Theresa Spettle, et al. (recorded at Volume G-1, Page 558, of the Bandera County property records).

6. The Lances do not own the disputed area, but do have appurtenant easement rights in the disputed area as lot owners in the Redus Point Addition Subdivision, along with the plaintiffs and other lot owners in the subdivision, under the express easement reserved in the Spettle Deed. These easement rights do not give the Lances the right to exclude other lot owners from using any portion of the land below the flow line of the lake. *referenced above in Paragraph 1 new*

7. The Deed Without Warranty is an invalid cloud and burden on the easement rights of the plaintiffs. The county clerk is ordered to file a copy of this amended order in the deed records of Bandera County.

AMENDED ORDER                                                    Page 2

8. The Deed Without Warranty is a "deed or other record" for purposes of Chapter 12 of the Civil Practice & Remedies Code ("CPRC"), § 12.002(a).

9. The defendants Franks and Lances made, used, and/or presented the Deed Without Warranty with the intent to create the appearance of an actual conveyance of ownership in the disputed area, pursuant to CPRC § 12.002(a)(2).

10. ~~The defendants Franks and Lances, in making, using, and/or presenting the Deed Without Warranty, intended the plaintiffs to suffer financial injury, pursuant to CPRC § 12.002(a)(3).~~ NKW

11. Plaintiffs own an express easement in the disputed area, and have standing under CPRC § 12.003(a)(8).

SIGNED on __June 11__, 2014.

_____
KEITH WILLIAMS, DISTRICT JUDGE
216th Judicial District

FILED

2014 JUN 13 PM 4 05

TAMMY KHEUPER, DIST. CLERK
BANDERA COUNTY, TEXAS
BY: Alma Bahr
DEPUTY

AMENDED ORDER          Page 3

Agreed as to form:

_Ross S. Elliott_
Ross S. Elliott
*Attorney for Plaintiffs*


_____
Cynthia Cox Payne
*Attorney for Defendants*


_____
Ed Hecker
*Attorney for Bandera-Medina-Atascosa Counties*
*Water Control & Improvement District No. 1*


_____
Janna Lindig
*Bandera County Attorney*

AMENDED ORDER                                                    Page 4



**TAB B**

FILED
13 January 16 P3:06
Tammy Kneuper
District Clerk
Bandera District
Tina Ramos

NO. CV-12-209

| | | |
|---|---|---|
| JUDITH AND TERRY ROBINSON | § | IN THE 216TH DISTRICT COURT |
| & GARY AND BRENDA FEST & | § | |
| VIRGINIA GRAY AND BUTCH | § | |
| TOWNSEND | § | |
| | § | |
| VS. | § | |
| | § | |
| JOHN A. AND DEBRA L. LANCE & | § | |
| F.D. AND HELEN FRANKS | § | BANDERA COUNTY, TEXAS |

## PLAINTIFFS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Judith and Terry Robinson, Gary and Brenda Fest, and Virginia Gray and Butch Townsend move for partial summary judgment against defendants John A. and Debra L. Lance ("Lances") and F.D. and Helen Franks ("Franks"), based on the evidence presented and referenced, and on the pleadings and other documents on file with the Court. TRCP 166a(c). Granting this motion will simplify the issues for trial and resolve legal questions as to which there is no genuine issue of material fact.

### A. Declaratory Judgments Act

1. Pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Plaintiffs ask the Court to declare the following:

(a) The Deed Without Warranty dated October 13, 2011, from the Franks as grantors to the Lances as grantees (recorded in Volume 915, Page 86, of the Bandera County real property records; attached to Plaintiffs' Original Petition as Exhibit A), conveying the Franks' interest in a described .282-acre parcel of land to the Lances, did not convey any ownership or other interest in the described property to the Lances.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT                Page 1

(b) The Franks never acquired an ownership or other interest in the .282-acre parcel by deed or other written instrument, and therefore had no interest in the land to convey to the Lances.

(c) The .282-acre parcel is part of the land owned in fee by the Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1 ("BMA"), as successor to the Medina Valley Irrigation Company, grantee under the warranty deed dated January 22, 1917, from grantors Theresa Spettle, et al. (recorded in Volume G-1, Page 315, of the Bandera County real property records), referred to herein as the "Spettle Deed."

(d) The Lances do not own the .282-acre parcel of land (but do have easement rights in the parcel as assigns under the Spettle Deed and the easement rights reserved therein).

(e) The deed without warranty is an invalid cloud on the ownership rights of the plaintiffs and BMA in the disputed area, and the deed is hereby declared removed and fee title in the disputed property is hereby quieted in BMA. The county clerk is ordered to remove the deed without warranty from the public records.

The testimony and documentary evidence presented to the Court at the temporary injunction held on July 16, 2012 establish the foregoing as a matter of law. The transcript of the hearing and the exhibits admitted at the hearing are referenced and specified as evidence in support of this motion. The Spettle Deed was introduced without objection, as was expert testimony that the deed reserved easement rights in the disputed area appurtenant to the plaintiff's lots, and that the current owner of the disputed area is BMA. RR-TI 18-25, 38, 65. The expert explained that the property above Elevation 1084 is private property owned by the plaintiffs and other lot owners in the Redus

Point Addition Subdivision, and the land below Elevation 1084, including the disputed area, is owned by BMA (subject to the lot owner's appurtenant rights in the land below Elevation 1084).

Frank Franks admitted that he has no "deed or any other kind of document that shows [him] obtaining rights to the .282-acre tract." *Id.* at 87. He has nothing in writing to indicate he had any rights in the tract. *Id.* A conveyance of real property must be in writing in order to be legally effective. Tex. Bus. Com. Code § 26.01.

## B. Chapter 12, Texas Civil Practice & Remedies Code

Plaintiffs may sue under Texas Civil Practice & Remedies Code § 12.003(a)(8) and defendants have presented a document which exposes them to possible liability under § 12.002. Plaintiffs own an easement in the disputed area, an interest sufficient to authorize the plaintiffs to pursue relief under § 12.003(a)(8). There is no issue of material fact controverting plaintiffs' ability to invoke Chapter 12, therefore summary judgment is appropriate.

Chapter 12 applies to the making, presentation or using of a "document or other record," which certainly describes a deed without warranty. § 12.002(a); *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 46 (Tex. App. —Houston [1st Dist.] 2011, no pet.).

The evidence before this Court conclusively demonstrates that the defendants made, presented, and used a document, satisfying § 12.002(a). The Franks conveyed a deed without warranty to the Lances, which the Lances then used and presented in an effort to claim ownership of the disputed tract. The evidence before this Court demonstrates there is no issue of material fact regarding § 12.002(a).

The Franks made and used the deed without warranty to create the appearance of a conveyance to the Lances. RR-TI 71-72, 82-84, 87-88. The Lances recorded the deed with the county clerk, and presented it to a Bandera County deputy sheriff as justification for excluding their neighbors from the disputed area. *Id.* 52, 71-72, 74, 82-84, 87-88. The evidence also conclusively proves that the Franks and Lances intended the deed to create the appearance of an actual conveyance of interest in the property, for the purpose of depriving their neighbors of the use and benefit of the disputed area.

Plaintiffs ask the Court to rule and declare as follows with respect to their claims under Chapter 12 (and the Declaratory Judgments Act):

(a)   The deed without warranty is a "deed or other record." § 12.002(a).

(b)   The Franks and Lances made, used, and/or presented the deed without warranty with the intent to create the appearance of an actual conveyance of ownership in the .282-acre tract. § 12.002(a)(2).

(c) The Franks and Lances, in making, using, and/or presenting the deed without warranty, intended the plaintiffs to suffer financial injury. § 12.002(a)(3).

(d) Plaintiffs owned an express easement in the disputed area, and are authorized to pursue recovery under § 12.003(a)(8).

The issues of whether the defendants knew that the deed was fraudulent, and whether defendants intended to cause mental anguish or emotional distress, are reserved for trial. §§ 12.002(a)(1), 12.006.

Plaintiffs ask the Court to grant partial summary judgment on the issues discussed herein, based on the evidence presented and referenced, and for any other appropriate relief.

Respectfully submitted,

ROGERS & MOORE, PLLC

Stephan B. Rogers
State Bar No. 17186350
Ross S. Elliott
State Bar No. 24080685
309 Water St., Suite 114
Boerne, TX 78006
(830) 816-5487
Fax: (866) 786-4777

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of this document has been served on the following persons in accordance with the Texas Rules of Civil Procedure, on the 16th day of January, 2013.

Cynthia Cox Payne
P.O. Box 1178
Bandera, Texas 78232
Fax: (830) 796-7945


Stephan B. Rogers

# TAB C

CAUSE NO. CV-12-209

JUDITH AND TERRY ROBINSON, §
GARY AND BRENDA FEST, §
VIRGINIA GRAY and BUTCH §
TOWNSEND, Plaintiffs §
§
VS. §
§
JOHN A. LANCE & DEBRA L. §
LANCE, & F. D. AND HELEN §
FRANKS, Defendants §

FILED
13 January 17 P2:00
Tammy Kneuper
District Clerk
Bandera District
Tina Ramos

FILED

2013 JAN 18 AM 8: 12

TAMMY KNEUPER, DISTRICT CLERK
BANDERA COUNTY, TEXAS

BY: _____
DEPUTY

216TH DISTRICT COURT

BANDERA COUNTY, TEXAS

## SUPPLEMENT TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Judith and Terry Robinson, Gary and Brenda Fest, and Virginia Gray and Butch Townsend file this supplement to their motion for partial summary judgment.

Attached is the reporter's record of the sworn testimony given at the temporary injunction hearing held on July 16, 2012. Plaintiffs offer this record in support of their motion for partial summary judgment. Plaintiffs also offer the exhibits that were admitted at the hearing, which are currently in the possession of the court reporter.

Respectfully submitted,

ROGERS & MOORE, PLLC

Stephan B. Rogers

SUPPLEMENT TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT    Page 1

State Bar No. 17186350
Ross S. Elliott
State Bar No. 24080685
309 Water St., Suite 114
Boerne, TX 78006
(830) 816-5487
Fax: (866) 786-4777

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of this document has been served by fax and email on the following persons on January 17, 2013.

Cynthia Cox Payne
P.O. Box 1178
Bandera, Texas 78232
Fax: (830) 796-7945

Edward T. Hecker
Gostomski & Hecker, PC
607 Urban Loop
San Antonio, TX 78204-3117
(210) 222-9529
Fax: (210) 222-9540

Stephan B. Rogers



**TAB D**

# CAUSE NO. CV-12-209

| | | |
|---|---|---|
| JUDITH AND TERRY ROBINSON, | § | 198TH DISTRICT COURT |

JUDITH AND TERRY ROBINSON, § 198TH DISTRICT COURT
GARY AND BRENDA FEST, §
VIRGINIA GRAY and BUTCH §
TOWNSEND, Plaintiffs §
§
VS. §
§
JOHN A. LANCE & DEBRA L. §
LANCE, & F. D. AND HELEN §
FRANKS, Defendants § BANDERA COUNTY, TEXAS

## ORDER ON PLAINTIFFS' MOTION FOR SEVERANCE, ATTORNEY'S FEES, AND FINAL JUDGMENT

On the 12th day of June, 2014, this Court considered the Plaintiffs' Motion for Severance, Attorney's Fees, and Final Judgment. After hearing argument and considering the motion, the Court hereby:

GRANTS the Motion for Severance, Attorney's Fees, and Final Judgment.

The matters addressed in the Amended Order on Plaintiffs' Motion for Partial Summary Judgment are to be severed into cause number CV-12-209-B in the 198th District Court. It is ordered that in cause number CV-12-209-B a hearing on the reasonable and necessary attorney's fees incurred by the Plaintiffs and the Intervenor, Bexar-Medina-Atascosa Water Control and Improvement District No. 1, be set on a date agreeable to all parties. Following that hearing, Plaintiffs are ordered to submit a proposed final judgment to this Court in cause number CV-12-209-B.

ORDER ON MOTION FOR SEVERANCE                                        Page 1

SIGNED this ___/2___ day of ___July___, 2014.


_____
REX EMERSON, DISTRICT JUDGE

Stephan B. Rogers, Attorney for Plaintiffs
Fax: (866) 786-4777

Cynthia Cox Payne, Attorney for Defendants
Fax: (830) 796-7945

Edward Hecker, Attorney for Intervenor
Fax: (210) 222-9540

Janna Lindig, Attorney for Intervenor
Fax: (830) 796-8218

FILED

2014 JUN 12 PM 1: 54

TAMMY KHEUPER, DIST. CLERK
BANDERA COUNTY, TEXAS
BY: Alma Bahun
DEPUTY

**TAB E**

## CAUSE NO. CV-12-0100209

| | | |
|---|---|---|
| JUDITH AND TERRY ROBINSON, | § | 198TH DISTRICT COURT |
| GARY AND BRENDA FEST, | § | |
| VIRGINIA GRAY and BUTCH | § | |
| TOWNSEND, Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | |
| JOHN A. LANCE & DEBRA L. | § | |
| LANCE, Defendants | § | BANDERA COUNTY, TEXAS |

### AMENDED AWARD OF ATTORNEY'S FEES AND FINAL JUDGMENT

On September 17, 2014, the Court held a hearing on Plaintiffs' and Interested Third Party BMA's motions for attorney's fees and final judgment. Based on the arguments of the parties and the evidence presented, the Court finds the awarded attorneys fees to be reasonable and necessary and just and equitable:

The Court awards attorney's fees in the amount of ___$90,000___ to the Plaintiffs against the Defendants John A. Lance, Debra L. Lance, F.D. Franks and Helen Franks, jointly and severally.

The Court awards attorney's fees in the amount of ___$31,025.00___ to the Interested Third Party BMA against said Defendants, jointly and severally.

The Court awards the following attorney's fees for appeal, conditioned on success on appeal:

| | Plaintiffs | BMA |
|---|---|---|
| Appeal to court of appeals: | $10,000 | $10,000 |
| Add if motion for rehearing filed: | | |

Award of Attorney's Fees and Final Judgment                    Page 1

Petition for review to supreme court

If no response is requested:                _____  _____

If a response is requested:                  ___$5,000___   ___$5,000___

If merits briefing is requested:            _____  _____

Add if oral argument is granted:           _____  _____

Defendants, jointly and severally, are ordered to pay the costs of court and post-judgment interest on the sum of non-conditional fees awarded to each party at the annual rate of 5%, to run from the date of this Court's original judgment signed September 30, 2014.

All requests for relief in this severed case that have not been granted are hereby denied. This order disposes of all remaining issues with respect to all the parties in this severed case, and is therefore a final, appealable judgment.

*Signed on the 29 day of October, 2014.*

REX EMERSON, DISTRICT JUDGE

**FILED**
AT 1:56 O'CLOCK P. M. ON

**OCT 30 2014**

TAMMY KNEUPER, 198TH DISTRICT CLERK
BANDERA COUNTY, TEXAS
BY _____, DEPUTY

Award of Attorney's Fees and Final Judgment                          Page 2

**TAB F**

## CAUSE NO. CV-12-0100209

| | | |
|---|---|---|
| JUDITH AND TERRY ROBINSON GARY AND BRENDA FEST, VIRGINIA GRAY and BUTCH TOWNSEND, | § § § § § | IN THE 198TH DISTRICT COURT |
| Plaintiffs | § § | |
| vs. | § § | |
| JOHN A. LANCE & DEBRA L. LANCE | § § § | |
| Defendants | § § § | BANDERA COUNTY, TEXAS |

## MOTION FOR NEW TRIAL OF JOHN A. LANCE, DEBRA L. LANCE, F.D. FRANKS AND HELEN FRANKS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, JOHN A. LANCE, DEBRA L. LANCE, F.D. FRANKS and HELEN FRANKS, ask the Court to grant a new trial.

### I.

The Court granted in part Plaintiffs' summary judgment motion on June 11, 2014, the Honorable Keith Williams, Presiding, in Cause No. CV-12-209. On June 12, 2014, the Honorable Rex Emerson signed an order severing the matters addressed in the summary judgment order and the issue of attorney fees into a new cause number. On September 30, 2014, Judge Emerson signed a final judgment and award of attorney fees in the severed case, No. CV-12-0100209. The Defendants seek a new trial on the award of attorney fees.

### II.

The Court should grant a new trial because it erred by making the following rulings:

> The Court erred in awarding $90,000 as attorney fees to the Plaintiffs and against the Defendants and in awarding $31,025 as attorney fees to Third Party BMA against the Defendants because there is no evidence or insufficient evidence to support this award. The evidence is insufficient to find that the amounts awarded are

---

*Motion for New Trial*                                                                 Page 1

reasonable or were necessary in the prosecution of this lawsuit. The conclusory nature of the evidence presented will not support the attorney fees award.

Similarly, there is no evidence, or insufficient evidence, to support the award of appellate attorney fees because the evidence presented was conclusory and the award is speculative. The evidence is insufficient to find that the amount of appellate attorney fees awarded are reasonable or necessary.

The court erred in admitting, over proper objection, the documentary and other evidence used by the Plaintiffs and BMA to support the award of attorney fees.

For these reasons, the Defendants ask the Court to grant a new trial.

Respectfully submitted,

Cynthia Cox Payne
Texas Bar No. 24001935
P.O. Box 1178
1118 Main Street
Bandera, TX 78003
(830) 796.7030 – Phone
(830) 796.7945 – Fax
cpayne@paynelawfirm.net

John D. Payne
Texas Bar No. 15658500
P.O. Box 1178
1118 Main Street
Bandera, TX 78003
(830) 796.7030 – Phone
(830) 796.7945 – Fax
jpayne@paynelawfirm.net

LAW OFFICE OF DAN POZZA
239 E. Commerce Street
San Antonio, TX 78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

/s/Dan Pozza
State Bar No. 16224800

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion for New Trial of John A. Lance, Debra L. Lance, F.D. Franks And Helen Franks* was forwarded via e-mail transmission, on the 29th day of October, 2014, to:

Stephan B. Rogers
Ross S. Elliott
Rogers & Moore
309 Water Street, Suite 114
Boerne, Texas 78006
Attorney for Plaintiffs
srogerslaw@gmail.com

Edward Hecker
GOSTOMSKI & HECKER
607 Urban Loop
San Antonio, Texas 78204
ed@ghlawyers.net
Attorney for Bexar-Medina-Atascosa Counties Water Control and Improvement District No. 1


/s/Dan Pozza

**TAB G**

JUDITH AND TERRY ROBINSON § IN THE 198th DISTRICT COURT
& GARY AND BRENDA FEST & §
VIRGINIA GRAY AND BUTCH §
TOWNSEND & SAMUEL PRIDE §
§
VS. §
§
JOHN A. AND DEBRA L. LANCE & §
F.D. AND HELEN FRANKS § BANDERA COUNTY, TEXAS

## CORRECTED PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

The Court enters the following findings of fact and conclusions of law in support of the amended final judgment it signed on October 29, 2014. The amended final judgment incorporates the issues severed from cause number CV-12-209 resolved by partial summary judgment and the facts presented at the hearing on plaintiffs' motion for attorney's fees held on September 17, 2014.

"Plaintiffs" are Judith Robinson, Terry Robinson, Gary Fest, Brenda Fest, Virginia Gray, Butch Townsend, and Samuel Pride. "BMA" is intervenor Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1. Defendants are John A. Lance, Debra L. Lance, F.D. Franks and Helen Franks.

To the extent a finding of fact states or implies a legal conclusion, it is a conclusion of law. To the extent a conclusion of law states or implies s factual finding, it is a finding of fact.

## Findings of Fact

1. The amount of segregated, reasonable and necessary attorney's fees attributable to and incurred by plaintiffs in prosecuting their severed claims against the defendants under the Texas Uniform Declaratory Judgments Act is $90,000.00.

2. The amount of segregated, reasonable and necessary attorney's fees attributable to and incurred by BMA in prosecuting its severed claims against the Defendants under the Texas Uniform Declaratory Judgments Act is $31,025.00.

3. If any defendant appeals, both plaintiffs and BMA will each incur $10,000.00 in reasonable and necessary attorney's fees responding to the appeal in the Fourth Court of Appeals.

4. If any defendant files a petition for review with the Texas Supreme Court and a response is requested, plaintiffs and BMA will each incur an additional $5,000.00 in reasonable and necessary attorney's fees.

## Conclusions of Law

1. The Court has jurisdiction over this matter, and plaintiffs and BMA have standing to seek the relief requested. Intervenor BMA is an interested party under the Texas Uniform Declaratory Judgments Act.

2. Plaintiffs are entitled to recover attorney's fees in the amount of $90,000.00, and appellate attorney's fees in the amounts stated above contingent on their success on appeal. These amounts are equitable and just pursuant to Texas Civil Practice & Remedies Code § 37.009 and other applicable law.

3. BMA is entitled to recovery attorney's fees in the amount of $31,025.00, and appellate attorney's fees in the amounts stated above contingent on

FINDINGS OF FACT AND CONCLUSIONS OF LAW                    Page 2

its success on appeal. These amounts are equitable and just pursuant to Texas Civil Practice & Remedies Code § 37.009.

4. Plaintiffs and BMA are entitled to post-judgment interest in the amount of 5% per annum, compounded annually.

5. Defendants must pay all costs of court.

6. Plaintiffs and BMA are entitled to all available processes of law to execute upon, enforce and collect the amounts awarded in the court's judgment.

*Signed on the 18 day of November, 2014.*

REX EMERSON, DISTRICT JUDGE

FILED

2014 NOV 19 AM 11: 56

TAMMY KNEUPER, DIST. CLERK
BANDERA COUNTY, TEXAS
BY: Alma Baker
DEPUTY

FINDINGS OF FACT AND CONCLUSIONS OF LAW                    Page 3



**TAB H**

2013 WL 820590
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION
AND SIGNING OF OPINIONS.

**MEMORANDUM OPINION**
Court of Appeals of Texas,
San Antonio.

John A. LANCE and Debra L. Lance, Appellants
v.
Judith and Terry ROBINSON, Gary and Brenda
Fest, Virginia Gray, and Butch Townsend,
Appellees.

No. 04–12–00754–CV. | March 6, 2013.

From the 216th Judicial District Court, Bandera County,
Texas, Trial Court No. CV–12–209, N. Keith Williams,
Judge Presiding.

**Attorneys and Law Firms**

Cynthia Cox Payne, Bandera, TX, for Appellant.

Stephan Bruce Rogers, Boerne, TX, for Appellee.

Sitting: CATHERINE STONE, Chief Justice, REBECA
C. MARTINEZ, Justice, LUZ ELENA D. CHAPA,
Justice.

**MEMORANDUM OPINION**

Opinion by REBECA C. MARTINEZ, Justice.

*1 In this interlocutory appeal, we consider whether the
trial court abused its discretion in overruling a motion to
dissolve a temporary injunction. Because we conclude the
trial court did not abuse its discretion, we affirm the
judgment of the trial court.

**BACKGROUND**

On October 13, 2011, John and Debra Lance purchased
Lot 8, a waterfront property in the Redus Point Addition
Subdivision located on Medina Lake in Bandera County.
Lot 8 was transferred to the Lances by F.D. and Helen
Franks by way of a Warranty Deed With Vendor's Lien.
The Franks also conveyed to the Lances a Deed Without
Warranty With Vendor's Lien to a .282–acre tract of land
on the lakefront to the east of Lots 8 and 1, below
Elevation 1084. Adjacent to Lot 8 are Lots 1, 2, and 3,
owned by Judith Robinson, Brenda Fest, and Virginia
Gray, respectively. All lots are waterfront property. The
.282–acre tract of land lies between Lot 1 and Medina
Lake and includes all or part of a wooden pier, deck, and
boat ramp belonging to Judith and Terry Robinson, Gary
and Brenda Fest, Virginia Gray, and Butch Townsend[1]
(hereinafter, Appellees), and other waterfront property
owners in the Subdivision. In April 2012, the Lances sent
a letter to Judith Robinson informing her that they were
going to fence off the .282 acres and that if Robinson did
not remove the deck within 30 days, the Lances would
remove it. In June 2012, the Lances began building a
permanent wooden fence around the .282–acre area,
blocking access to the beachfront. The Lances also cut
trees, posted "no trespassing" signs, and told their
neighbors they were not allowed to use the disputed area.

On June 13, 2012, Appellees filed their "Original Petition
and Application for Temporary Restraining Order."
Appellees asked for "a temporary restraining order
pursuant to TRCP 680 and a temporary and permanent
injunction, pursuant to TEX. CIV. PRAC. & REM.CODE
ANN. § 12.003 and other applicable law." The petition
alleged that the Deed Without Warranty from the Franks
to the Lances is fraudulent and was recorded in violation
of Chapter 12 of the Texas Civil Practice and Remedies
Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§
12.002–.03 (West Supp.2012). Specifically, Appellees
alleged that the Franks did not own any property below
Elevation 1084 to convey to the Lances and that record
legal title to the property belongs to the
Bandera–Medina–Atascosa Counties Water Control and
Improvement District No. 1 (subject to any implied
easements appurtenant, littoral/riparian rights, and other
common law or equitable rights that may exist in favor of
the waterfront property owners). Appellees alleged that
the Lances conspired with the Franks and intended to use
the fraudulent deed to assert a bogus claim to the land and
infringe on the use and enjoyment of the land by
Appellees and other waterfront property owners in the
Subdivision. The petition alleged that Appellees have "at
least an equitable interest in the subject property in the
form of an implied easement appurtenant and other
equitable and littoral/riparian rights." Appellees also
alleged claims for injury to property and nuisance and

requested declaratory relief.

*2 Appellees obtained an ex-parte temporary restraining order which prohibited the Lances from building the fence and making any changes or alterations to any area of the Subdivision outside Lot 8. On July 16, 2012, the trial court held a hearing and thereafter granted Appellees' request for a temporary injunction. The temporary injunction order provides that a temporary injunction is necessary to preserve the status quo and prevent immediate and irreparable injury, loss, and damage to Appellees due to the building of a fence and claim of exclusive right of possession to the .282–acre area. The order further provides that Appellees "and other members of the community have used the lakefront including the disputed area for many years" and that "[t]here is a dock, deck and boat ramp located on or in the vicinity of the disputed area. These structures were built by members of the community, including some of the [Appellees] herein, at their own expense. [Appellants] have denied access to these structures."

On September 12, 2012, the Lances filed a motion to dissolve the temporary injunction, arguing that the trial court lacked subject matter jurisdiction to grant the temporary injunction because Appellees do not own an interest in the real property at issue. A hearing was held on October 29, 2012, after which the trial court signed an order denying the motion to dissolve the temporary injunction. The Lances timely perfected this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (West Supp.2012).[2]

## DISCUSSION

On appeal, the Lances argue that the trial court abused its discretion in overruling their motion to dissolve the temporary injunction because the trial court lacked jurisdiction to grant the temporary injunction given that Appellees lack standing to seek a temporary injunction.

### STANDARD OF REVIEW AND APPLICABLE LAW
The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court, and we will not overrule its determination absent an abuse of discretion. *See Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 540 (Tex.App.-Dallas 2010, no pet.); *Universal Health Srvs. Inc. v. Thompson*, 24 S.W.3d 570, 580 (Tex.App.Austin 2000, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary

manner or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). When, as here, the interlocutory appeal is from an order denying a motion to dissolve, and the initial order granting temporary injunctive relief was not appealed, we do not consider the propriety of the trial court's decision granting the initial injunctive relief. *See Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex.App.-Dallas 2000, no pet.). We presume the injunction was not improvidently granted and that the record as a whole supports the trial court's action. *See id.* We do not review the reporter's record from the hearing on the application for injunctive relief. *See id.; see also Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 835 (Tex.App.-Austin 1984, no writ). Our review in this instance is limited to the narrow question of whether the trial court's action in overruling the motion to dissolve the temporary injunction constituted a clear abuse of discretion. *Murphy*, 20 S.W.3d at 877.

*3 The purpose of a motion to dissolve is "to provide a means to show changed circumstances or changes in the law that require modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant." *Tober*, 668 S.W.2d at 836. Thus, a trial court generally has no duty to dissolve an injunction unless fundamental error has occurred or conditions have changed. *See Cellular Mktg., Inc. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex.App.-Houston [14th Dist.] 1990, no writ).

Fundamental error exists in those rare instances in which the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex.2006); *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982) (per curiam). "The existence of subject matter jurisdiction may be raised for the first time on appeal by the parties or the court on its own motion." *It's The Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 769 (Tex.App.-Amarillo 2008, no pet.); *Kassim*, 308 S.W.3d at 541. Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993); *In the Interest of J.C.*, ——S.W.3d ——, No. 04–12–00116–CV, 2012 WL 3808597, at *2 (Tex.App.-San Antonio Aug.31, 2012, no pet.). "When standing to bring a particular type of lawsuit has been conferred by statute, we use that statutory framework to analyze whether the petition has been filed by a proper party." *In the Interest of J.C.*, 2012 WL 3808597, at *2 (citing *Jasek v. Tex. Dep't of Family &*

*Protective Servs.*, 348 S.W.3d 523, 528 (Tex.App.-Austin 2011, no pet.)). The petitioner must allege and establish standing within the parameters of the statutory language. *Jasek*, 348 S.W.3d at 528. Generally, when we review the standing of a party for the first time on appeal, we look to the facts alleged in the petition, construe the petition in favor of the party, and if necessary, review the record to determine if any evidence supports standing. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000); *Tex. Air Control Bd.*, 852 S.W.2d at 446; *City of San Antonio v. Headwaters Coalition, Inc.*, 381 S.W.3d 543, 548 (Tex.App.-San Antonio 2012, pet. denied).

## ANALYSIS

On appeal, the Lances argue that Appellees are not entitled to seek relief under Chapter 12 of the Texas Civil Practice and Remedies Code and, therefore, have no standing to seek to enjoin a violation of Chapter 12; thus, the trial court did not have subject matter jurisdiction to issue the temporary injunction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 12.003 (West Supp.2012). Chapter 12 is titled "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property." Section 12.003(a)(8) provides, in relevant part, that "a person who owns an interest in the real or personal property" may bring an action to enjoin a violation[3] of Chapter 12 or to recover damages under Chapter 12. *Id.* § 12.003(a)(8). The injured party may recover statutory damages, actual damages, exemplary damages, attorney's fees, and costs. *Id.* § 12.002(b).

*4 The Lances argue that Appellees do not own an interest in the .282 acres at issue, but merely claim an equitable interest by virtue of "an express easement of use and access and littoral rights running with the land which were reserved by their common grantor and/or a common law easement appurtenant arising from the nature of lakefront property." The Lances further contend that Appellees do not qualify as persons who "own an interest" in land because an easement is a nonpossessory interest that merely authorizes its holder to use the property of another without conferring ownership rights in the real property. *See, e.g., Killam Ranch Props., Ltd. v. Webb County*, 376 S.W.3d 146, 155 (Tex.App.-San Antonio 2012, pet. denied). The Lances repeatedly assert that Appellees have no claim under the Franks deed and no right to set it aside. They also contend that Appellees do not own an express easement or easement appurtenant to use and access the property at issue, but merely a license or easement in gross. In sum, the Lances maintain that Appellees have neither pleaded nor established an express easement.

When reviewing an order denying a motion to dissolve a temporary injunction, we are restricted to reviewing the pleadings and the record from the hearing on the motion to dissolve the temporary injunction. *See Murphy*, 20 S.W.3d at 877. At the hearing on the motion to dissolve the temporary injunction, the trial court asked Appellees' counsel to respond to the lack of standing argument raised by the Lances. Counsel stated:

> The evidence in the first hearing and our pleadings support the fact that the Plaintiffs have an express easement in the area in question. That was a reservation in the Spettle deed. The Court may remember that we talked about that at length. There was an express reservation of rights to use the lakefront that was in the chain of title of the Plaintiffs. So they have an express easement in the property. And even if they didn't have an express easement, they had an implied easement appurtenant, which is a well-recognized, long-established implied easement right in property in a situation where—for example, where a person has both lakefront property and paid a premium for property that's on the lakefront and where lack of access to the lakefront, to the areas that go along with that have—have a deleterious effect on the value, property value of the property in question. And I've got cases I can cite to the Court for that, but it really is well-established doctrine in Texas. So in terms of the rights, we had an express easement rights based on the original Spettle deed and we have implied easement appurtenant rights that go along with the Plaintiffs' property.

In addition, Appellees' counsel stated:

> Also note that Chapter 12 talks about real property and personal property. There was undisputed testimony at the first hearing that there was a pier, dock and other structures constructed on it, on the

lakefront, by my clients and other members of the community, and they were being denied access to those structures, not just the property, itself. So we think that the record and the pleadings clearly establish that we have standing.

*5 Although the Lances argue that Appellees own no easement or other interest in the property at issue, we must presume, based on the record before us, that the injunction was providently granted. *See id.* In both their pleadings—which we construe in their favor—and argument at the hearing on the motion to dissolve, Appellees claimed that they hold an easement allowing them to use and access the .282–acre area. An easement is a real property interest. *See Marcus Cable Assocs., L.P. v. Krohn,* 90 S.W.3d 697, 700 (Tex.2002); *Zinsmeyer v. State,* 646 S.W.2d 626, 628 (Tex.App.-San Antonio 1983, no writ) ("Since an easement is an interest in land, an easement owner is entitled to compensation if the easement is extinguished by a taking."); *see also Severance v. Patterson,* 370 S.W.3d 705, 720, 725 (Tex.2012). Additionally, Appellees alleged that they own the pier, dock, and boat ramp located on the .282–acre area, and the Lances have not disputed that ownership interest on appeal; thus, Appellees have standing to seek an injunction pursuant to section 12.003(a)(8) ("a person who owns an interest in the real or personal property"). Accordingly, both Appellees' pleadings and their arguments to the trial court at the hearing on the motion to dissolve support Appellees' claim of standing as easement holders and personal property owners under section 12.003(a)(8). Based on the record before us, we cannot

conclude that the trial court abused its discretion in denying the motion to dissolve the temporary injunction.

### Frivolous Appeal

Appellees seek an award of damages on the basis that the Lances filed a frivolous appeal. We may, on the motion of any party or on our own initiative, award a prevailing party "just damages" if we determine that the appeal is frivolous. TEX.R.APP. P. 45. An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe the case should be reversed. *Smith v. Brown,* 51 S.W.3d 376, 381 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). The decision to grant appellate damages as sanctions is a matter of discretion that must be exercised with prudence and caution and only after careful deliberation. *Id.* We will impose sanctions only in circumstances that are truly egregious. *Id.*

After considering the record and briefs before us, we decline to characterize the appeal as frivolous and similarly decline to award sanctions against the Lances.

### CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

Footnotes

1       Townsend is Gray's son.

2       Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code provides as follows:
        (a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
        ....
        (4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65[.]
        TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (West Supp.2012).

3       A violation occurs when a person makes, presents, or uses a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer. *Id.* § 12.002(a) (West Supp.2012).

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

**TAB I**

| | | |
|---|---|---|
| JUDITH AND TERRY ROBINSON | § | IN THE 216TH DISTRICT COURT |
| & GARY AND BRENDA FEST & | § | |
| VIRGINIA GRAY AND BUTCH | § | |
| TOWNSEND | § | |
| | § | |
| VS. | § | |
| | § | |
| JOHN A. AND DEBRA L. LANCE & | § | |
| F.D. AND HELEN FRANKS | § | BANDERA COUNTY, TEXAS |

## FIFTH AMENDED PETITION

Plaintiffs Judith Gail Robinson, Terry Robinson, Gary Fest, Brenda Fest, Virginia Gray, and Butch Townsend file their Fifth Amended Petition against defendants John A. Lance, Debra L. Lance, F.D. Franks, and Helen Franks, and joins herein as an interested party the Bexar-Medina-Atascosa Water Control & Improvement District No. 1 ("BMA"). The exhibits to Plaintiffs' Original Petition are incorporated herein by reference.

### A. Discovery Control Plan

1. Discovery will be conducted under Level 2. TRCP 190.3

### B. Venue

2. Venue is proper in Bandera County. This suit involves real estate located in such county and a fraudulent deed filed with the Bandera County Clerk; and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in such county. TEX. CIV. PRAC. & REM. Code §§ 15.035(a), 15.002(a)(1).

## C.   Service

3. The Lance and Franks Defendants have answered. BMA has answered.

## D.   Basic Facts

4. Defendants John A. and Debra L. Lance (the "Lances"), relying on a fraudulent deed from defendants F.D. and Helen Franks (the "Franks"), are building a fence on waterfront property in the Redus Point Addition Subdivision ("Redus Point") in Bandera County, TX adjoining Medina Lake, denying access to the waterfront to the plaintiffs, and threatening to convert and/or destroy property belonging to the plaintiffs. Unless immediate injunctive relief is granted, immediate and irreparable injury, loss and damage will result to the plaintiffs before notice can be served and a hearing had thereon.

5. Lots 1, 2 and 3 in Redus Point are owned by plaintiffs Judith Robinson, Brenda Fest, and Virginia Gray. The Lances own Lot 8 in the same subdivision, adjacent to Lots 1, 2 and 3. All the lots are waterfront property whose essential value is substantially derived from their proximity to Medina Lake and access to the lake and lakefront. Robinson's and Fest's husbands join in this lawsuit based on their rights to use the disputed tract and their historical use and investments in the area. Townsend joins in this lawsuit based on his rights to use the disputed tract and his historical use and investments in the area, and as next friend of his mother, Virginia Gray.

6. Lot 8 was transferred to the Lances by the Franks on October 13, 2011 (Warranty Deed with Vendor's Lien, Vol. 915, Page 83, Bandera County Deed

Records). At the same time, the Franks conveyed to the Lances a Deed Without Warranty to a .282-acre tract of land on the lakefront to the east of Lots 8 and 1, below Elevation 1084 (Vol. 915, Page 86) (Exhibit A) ("DWW"). The area, referred to herein as the "disputed tract," lies between plaintiffs' lots and Medina Lake, interferes with plaintiffs' access to the lake, and includes all or part of a wooden pier, boat ramp and deck belonging to the plaintiffs and other waterfront property owners in the subdivision.

7. Defendants made, presented, used and recorded the DWW in violation of Chapter 12 of the Texas Civil Practice & Remedies Code, and it a fraudulent "document or other record" under Chapter 12. The Franks did not own any exclusive property rights below Elevation 1084 they could convey to the Lances, and therefore the DWW is not an indicia of ownership or muniment of title, is not presumed valid, and is a nullity and invalid hindrance on plaintiffs' rights in the property. Record legal title to the lakefront below Elevation 1084 belongs to the Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1 ("BMA") (subject to the express and implied easements and rights of use owned by the waterfront property owners in the subdivision). On information and belief, the DWW was created through collusion by the Franks and Lances with full knowledge (or at least constructive knowledge) that the Franks had no legal ownership to give, in order to create false color of title that the Lances could use to wrongfully seize and adversely possess a portion of the lakefront, mislead the county clerk and law enforcement, trick the taxing authorities into accepting a tax payment on a non-

existent tract, and deny access to the lakefront to the plaintiffs and other waterfront property owners in the subdivision.

8. On April 4, 2012, the Lances sent a letter to Plaintiff Judith Robinson, wherein he stated their intent to build a fence "on our property" and to damage or remove the plaintiffs' deck. (Exhibit B) Before and/or after sending this letter, acting based on the fraudulent deed, the Lances destroyed a portion of a wooden pier built on the lakefront by some or all of the plaintiffs, destroyed landscaping by moving soil and removing rocks, cut trees, posted no trespassing signs, began building a fence around the disputed tract, installed surveillance equipment, and let it be known that they intended to exclude their neighbors from the tract.

9. Plaintiffs responded, through counsel, on May 3, 2012, objecting to the Lances placing a fence anywhere outside the boundaries of their Lot 8, and asserting that the Lances were acting under a fraudulent Deed Without Warranty in violation of Chapter 12 of the Texas Civil Practice & Remedies Code. (Exhibit C)

10. On June 11, 2012, without any further communication to plaintiffs, the Lances began building a fence around the disputed tract. The sheriff's office was called, and Deputy Wedgeworth came to the scene. Defendant John Lance used and presented the fraudulent DWW to Deputy Wedgeworth as proof of ownership of the disputed area. The deputy instructed Lance and his fence builder not to touch the plaintiffs' pier or deck. Lance and the fence builder (who refused to identify himself) then left the area.

11. However, Lance and his fence builder returned the next day, June 12, 2012 and resumed work on the fence. At the time this lawsuit was filed, defendants and their agents were building the fence and otherwise damaging the lakefront in callous disregard of plaintiffs' rights and objections.

E. **Claims**

12. **Injunctive Relief.** Plaintiffs ask for a temporary restraining order pursuant to TRCP 680 and a temporary and permanent injunction, pursuant to TEX. CIV. PRAC. & REM. CODE § 12.003 and other applicable law. A TRO is necessary in order to prevent immediate and irreparable injury, loss and damage to the Plaintiffs before notice can be served and a hearing held. Defendants' damage to the lakefront and Plaintiffs' real and personal property and interference with the Plaintiffs' use and enjoyment of their property cannot be adequately remedied through an award of damages. [The Court granted the TRO, and after an evidentiary hearing held on July 16, 2012, signed a temporary injunction, which is currently in effect and should remain in effect to preserve the status quo until final judgment in this case.]

13. **Fraudulent deed.** Defendants made, presented, filed, and otherwise used a deed or other record in violation of Chapter 12 of the Texas Civil Practice & Remedies Code, with knowledge that it constituted a fraudulent claim or interest in real or personal property. § 12.002(a). Defendants conspired to give the fraudulent document legal effect as if it were a valid deed, and intended to use the fraudulent deed to assert a bogus claim to land belonging to others and infringe on the use and

enjoyment of property by the plaintiffs and other neighbors. Defendants presented the fraudulent deed and court record to the Bandera County Clerk, a deputy sheriff, and the tax office, thereby committing a fraud not only on the plaintiffs but also on Bandera County, BMA and the general public. The Deed Without Warranty is presumed to be fraudulent because the defendants created it to assert a claim against real or personal property without the implied or express consent or agreement of the owner of the real or personal property or an interest in the real or personal property. TEX. GOV'T CODE § 51.901(c). However, the definition of "fraudulent" in Chapter 12 is broader than the presumption in § 51.901(c). The term "fraudulent" only requires an element of deception or concealment, which is already inherent in the express requirements of § 12.002(a).

14. Defendants intended to cause the plaintiffs and other persons to suffer financial injury, mental anguish and emotional distress. § 12.003(a)(3). Plaintiffs are injured persons under § 12.002(b), and persons who own an interest in the real or personal property at issue, § 12.003(a)(8). Plaintiffs have standing under both provisions to seek relief under Chapter 12. Defendants knew or should have known that the Deed Without Warranty was fraudulent. § 12.006(a). Plaintiffs are entitled to recover all their litigation costs, including but not limited to expert fees and investigative costs.

15. Plaintiffs own an express easement in the disputed tract derived from the easement and rights of use reserved by the grantors in the 1917 Spettle Deed, recorded at Volume G-1, Page 315, in the Bandera County deed records. Plaintiffs

are the successors in title to the grantors in the Spettle Deed, and own and enjoy the following express easement rights: (1) the right to use the water in Medina Lake for domestic purposes; (2) the right to use the water in Medina Lake for bathing, boating, fishing and hunting; (3) the right to construct upon the edges of Medina Lake any improvements that are necessary and incident to exercising their rights in the lake. These easement rights are subject to BMA's right to flood up to Elevation 1084 in the course of operating the lake without being liable for damages.

16. In the alternative, plaintiffs have an implied easement appurtenant by implied grant and/or reservation and by necessity, covenant running with the land, and/or littoral rights which arise from the nature and intended use of their lakefront property as a grant or easement by necessity implied both at law and in fact. The primary value and characteristic of lakefront property is that it enjoys not only proximity but access to the adjoining lake. Access to the lake and use of the lakefront in immediate proximity to the lake is an inherent, implied right possessed by an owner of lakefront property. The right to access Medina Lake is necessary and essential to the proper physical use and enjoyment of the plaintiffs' waterfront property, and is necessary to realize the economic value of the plaintiffs' subdivision lots. *Ulbricht v. Friedsam*, 325 S.W.2d 669, 676-77 (Tex. 1959). The use of the beachfront by plaintiffs and their families, neighbors and predecessors in title has been open, obvious and continuous for many years. The servient estate is the beachfront below Elevation 1084, conveyed by plaintiffs' predecessor(s) in title to BMA's predecessor in title MVICO in the 1917 Spettle Deed. The lots in the

subdivision were sold with reference to their value as lakefront property and to the subdivision plat, which clearly depicts the lots as such. In further alternative, the easement exists or cannot be denied pursuant to estoppel in pais.

17. The express and/or implied easement rights owned by the plaintiffs are non-possessory real property rights which form a dominant estate upon the land below Elevation 1084. Absent a separate agreement with BMA (such as under the settlement agreement entered into by BMA and the Waterfront Property Owners' Association in No. 9001-04, 216th District Court, Bandera County, Texas, and the consent judgment signed by the court on April 25, 2005 pursuant to such agreement), none of the lakefront property owners in the Redus Point Addition subdivision have the right to carve out a piece of the lakefront, claim it as exclusively theirs, and deny their neighbors access to the area. Defendants are also estopped to deny the existence of an express easement reserved in their chain of title.

18. Pursuant to Chapter 12, plaintiffs are entitled to an injunction, and to (1) $10,000, or actual damages, whichever is greater; (2) court costs; (3) reasonable attorney's fees; and (4) exemplary damages in an amount determined by the court. TEX. CIV. PRAC. & REM. CODE §§ 12.002(b)-(c); 12.003(a)(8); 12.006(a). Each plaintiff is entitled to at least $10,000 in statutory damages for each violation of Chapter 12, against each defendant, for which no proof of actual damages is required. Defendants violated Chapter 12 at least four separate times: when they made the fraudulent DWW, and when they filed and recorded it, and when they

presented and used the deed as proof of ownership to the deputy sheriff and the property tax office.

19. **Intentional infliction of emotional distress.** Defendants' misconduct was outrageous and specifically intended to inflict severe emotional distress on the plaintiffs. Defendants acted with malice, intent to destroy the plaintiffs' use and enjoyment of their property, and to intimidate the plaintiffs; additionally defendants installed surveillance equipment in the disputed area to invade the plaintiffs' privacy. Defendants are liable to the plaintiffs for their severe emotional distress, the loss of value of their properties, and any other damages proximately caused by their misconduct.

20. **Declaratory judgment.** Plaintiffs ask the Court to declare that:

(a) Plaintiffs own the easement rights reserved in the 1917 Spettle Deed in the lakefront containing the disputed tract, as successors in title to one or more of the grantors in said deed.

(b) Defendants' efforts to seize control of the disputed tract and deny access to the area interferes with and violates such rights.

(c) The Deed Without Warranty is invalid or void, is an unlawful hindrance on the rights of plaintiffs' rights in the disputed tract, and does not confer any legal or equitable rights on the defendants to seize and deny access to the disputed tract or any other portion of the lakefront below Elevation 1084, to destroy or damage any real or personal property located within the lakefront, or to build a fence in the lakefront or otherwise restrict the rights of other waterfront property owners to use the lakefront and access Medina Lake across the lakefront.

(d) The title owner of the disputed tract and the surrounding area below Elevation 1084 (subject to plaintiffs' rights as described herein), is BMA, the water district that owns and operates Medina Lake, as successor to the Medina Valley Irrigation Company, the grantee in the 1917 Spettle Deed.

(e) The county clerk is directed to remove and cancel the deed without warranty, and to file and record a copy of the court's decree and judgment in the property records to reflect that the Deed Without Warranty is a nullity and has been removed and canceled.

(f) Plaintiffs are granted such relief as authorized by §51.903 of the Texas Government Code.

Plaintiffs ask for any other declaration that is necessary and appropriate to establish the plaintiffs' rights and protect them from future violations by the defendants or anyone else based on the Deed Without Warranty. In addition to declaratory judgment, Plaintiffs seek any necessary or appropriate supplemental relief against the defendants, including but not limited to permanent injunctive relief, pursuant to § 37.011, Texas Declaratory Judgments Act. BMA is joined herein as an interested party in accordance with § 37.006(a) of the Texas Declaratory Judgments Act (Civil Practice & Remedies Code).

21.     Because of the nature of an easement, plaintiffs are not required to pursue relief through trespass to try title; relief may be pursued through injunction, declaratory judgment, or other available legal remedies. *See City of Mission v. Popplewell*, 294 S.W.2d 712, 714 (Tex. 1956); *Roberson v. City of Austin*, 157 S.W. 3d 130, 136-37 (Tex. App.—Austin 2005, pet. denied).

22.     **Suit to quiet title and remove cloud on title.**     Plaintiffs ask the Court to exercise its legal and equitable jurisdiction to cancel, quiet and remove the cloud created by the DWW from their easement rights, dominant estate and/or other rights in the disputed tract.

23. **Injury to property.** Plaintiffs ask the Court to award them damages for tortious injury to real and personal property, including but not limited to recreational structures built on the property that constitute fixtures or movable equipment or appurtenances. Defendants removed and burned a long ramp which was part of the wooden pier constructed by one or more of the plaintiffs. They also destroyed landscaping, soil and rocks placed in the area. Plaintiffs are entitled to recover any loss of value and use due to destruction of personal property and fixtures (i.e., the dock, deck, pier and any other structures placed on the property), damage to real property (including soil, trees and landscape), loss of property value due to denial of use of the lakefront and lake, loss of views of the lake, and the costs necessary to repair and restore such property to its prior condition.

24. **Nuisance and intentional invasion of privacy.** The illegal fence being constructed by defendants, the cameras installed to destroy privacy, and the other negligent, intentional and/or abnormal conduct of defendants seeking to exclude other waterfront property owners from the lakefront, is an unreasonable interference with the plaintiffs' use and enjoyment of their land and appurtenant areas, and other real property rights, created undesirable and dangerous conditions, and caused and is causing the plaintiffs actual damages. Plaintiffs have a reasonable expectation of privacy in the disputed area, which includes a right to be free of unwanted and intrusive video monitoring of the area. The installation of cameras was an intentional and unreasonable act by the defendants designed to invade the

privacy of the plaintiffs, discourage and inhibit their use of the area, and inflict emotional distress.

25. **Civil Conspiracy.** The defendants agreed to make, present and use the fraudulent Deed Without Warranty for the purposes of interfering with the plaintiffs' use and enjoyment of their land and appurtenant areas. The defendants drafted and recorded the fraudulent deed. With these unlawful, overt acts the defendants began destroying and damaging the plaintiffs' real and personal property, and have interfered with the plaintiffs' use and enjoyment of their land and appurtenant areas. The defendants have assisted, aided and abetted each other in the commission of the fraudulent acts, and have engaged in a joint enterprise with a common purpose to wrongfully seize and exclude their neighbors from the lakefront. The Lances acted as agents of the Franks, and vice versa. The defendants are jointly and severally liable for any damages caused by their misconduct.

F. **Actual Damages**

26. Plaintiffs seek judgment for all their actual damages, the cost of removing any fencing or other obstacles or structures placed on the property, the cost of repairing or replacing any real or personal property damaged by defendants, statutory damages as discussed in paragraph 18, related and investigative expenses, damages for emotional distress, and punitive damages, reasonable attorney's fees, court costs, and any other monetary relief authorized by of the laws and statutes referenced herein.

27. Any reference herein to the defendants includes any person acting at the direction of or on behalf of either of the defendants, or in concert with any of the defendants.

## G. Prayer

28. Plaintiffs pray for a temporary restraining order, temporary injunction, permanent injunction, declaratory judgment, damages, attorney's fees, pre- and post-judgment interest, court costs, and any other relief sought herein or that they may be entitled to.

Respectfully submitted,

ROGERS & MOORE, PLLC

/s/ Stephan B. Rogers
State Bar No. 17186350
Ross S. Elliott
State Bar No. 24080685
309 Water St., Suite 114
Boerne, TX 78006
(830) 816-5487
Fax: (866) 786-4777

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of this document has been served on the following persons by fax on April 8, 2013.

Cynthia Cox Payne
John D. Payne
P.O. Box 1178
Bandera, Texas 78232
Fax: (830) 796-7945

Edward T. Hecker
Gostomski & Hecker, PC
607 Urban Loop
San Antonio, TX 78204-3117
Fax: (210) 222-9540

/s/ Stephan B. Rogers